## Nick Combs v. Commonwealth.

## Joe Combs v. Commonwealth.

(Decided September 22, 1916.)

### Appeals from Perry Circuit Court.

1. Intoxicating Liquors—Sale in Local Option Territory—Evidence.— In order to sustain a prosecution under section 2557b of the Kentucky Statutes for having intoxicating liquors in one's possession for the purpose of selling them in local option territory, the Commonwealth should show: (1) That the person being prosecuted had liquors in his possession; and, (2) that he had them for the purpose of selling them in local option territory. But it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth, since a conviction may be had upon circumstantial evidence.

2. Intoxicating Liquors—Evidence.—In determining the purpose of a defendant in a case charging him with having intoxicating liquors in his possession for the purpose of selling them, in violation of section 2557b of the Kentucky Statutes, the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction.

3. Intoxicating Liquors—Possession of for Purpose of Sale.—In order to complete the offense of having intoxicating liquors in one's possession for the purpose of selling them in violation of section 2557b of the Kentucky Statutes, it is not necessary that the accused shall actually make a sale; it is sufficient if he has the whiskey in his possession with that intent.

C. W. NAPIER for appellants.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Affirming.

Nick Combs and Joe Combs, the appellants in these two cases, were indicted separately in the Perry circuit court, upon the charge of having in their possession, in local option territory, liquors for the purpose of sale. Both were found guilty; Joe was fined $100.00 and given a fifty days' jail sentence, while Nick was fined $100.00 and given a forty days' jail sentence.

The two cases are identical in principle, and will be disposed of in one opinion.

The first record shows that Nick received four gallons of whiskey from the Adams Express Company's agent at Typo, in Perry county, between August 24th and December 5th, 1915, in four shipments of one gallon each. The other record shows that Joe Combs received from the Adams Express Company's agent at Hazard, six gallons of whiskey in six shipments, on and between July 24th and December 23rd, 1915. In each case the defendant testified that he received the whiskey for his personal use, and did so use it, and never intended to sell any portion of it. The Adams Express Company's agent and the defendant constituted the only witnesses, in either case.

It is insisted under this proof that appellant's motion in each case for a peremptory instruction to find him not guilty, should have been sustained.

These cases come squarely within the doctrine laid down in the recent case of Cornett v. Commonwealth, 170 Ky. 717, where it was held:

1. In order to sustain a prosecution under section 2557b of the Kentucky Statutes for having intoxicating liquors in one's possession for the purpose of selling them in local option territory, the Commonwealth should show: (1) That the person being prosecuted had liquors in his possession; and, (2) that he had them for the purpose of selling them in local option territory. But it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth since a conviction may be had upon circumstantial evidence:

2. In determining the purpose of a defendant in a case charging him with having intoxicating liquors in his possession for the purpose of selling them, in violation of section 2557b of the Kentucky Statutes, the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction; and,

3. In order to complete the offense of having intoxicating liquors in one's possession for the purpose of

selling them in violation of section 2557b of the Kentucky Statutes, it is not necessary that the accused shall actually make a sale; it is sufficient if he has the whiskey in his possession with that intent.

Under the authority of that case, there was sufficient evidence to take the cases to the jury. See also Couch v. Commonwealth, this day decided. 171 Ky. 146.

Judgments affirmed.