## Couch v. Commonwealth.

(Decided September 22, 1916.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Offenses—Criminal Prosecution—Evidence. —In determining whether a person has intoxicating liquor in his possession for the purpose of selling it, in violation of section 2557b, Kentucky Statutes, the jury have a right to consider all the circumstances surrounding the transaction.

2. Intoxicating Liquors—Offenses—Criminal Prosecutions—Sufficiency of Evidence.—In a prosecution for violation of section 2557b, Kentucky Statutes, where it appeared that defendant had received by express in separate parcels thirteen gallons of whiskey in two months, evidence held sufficient to require a submission of the case to the jury and to sustain a verdict of guilty.

JOHN L. DIXON and J. C. BEZELEY for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant was tried and convicted in the Perry circuit court under an indictment charging him with having spirituous liquors in his possession for the purpose of sale in local option territory, his punishment being fixed by the verdict of the jury at a fine of $100.00 and fifty days imprisonment in the county jail. The indictment was based upon section 2557b, subsection 2, Kentucky Statutes.

The only question presented for consideration on this appeal is as to the sufficiency of the proof to support the judgment. It is insisted for the appellant that the evidence did not authorize his conviction, for which reason the trial court erred in refusing to grant the peremptory instruction directing his acquittal by the jury, asked by him at the conclusion of the evidence. Only two witnesses were introduced on the trial, viz.: L. B. Smith, agent of the Adams Express Company at Krypton, in Perry county, for the Commonwealth, and the appellant, Farmer Couch, in his own behalf. It appears from the testimony of Smith, and was not denied by appellant, that he, as agent of the Adams Express Company, delivered to appellant at Krypton, during the year 1915 and within a year before the finding of the indictment, shipments of whiskey as follows: June 4th, 2 gallons; June 30th, 3 gallons; July 9th, 2 gallons; July 16th, 2 gallons; July 29th, 2 gallons; August 4th, 2 gallons, aggregating the total of thirteen gallons from June 4th to August 4th, inclusive. The above several shipments of liquor, upon being received by appellant, were carried by him in a wagon from Krypton. He testified that he was a teamster in the employ of George Osborne, a merchant in Leslie county, and admitted that the liquor was all ordered in his name and that all of it was paid for by him, except two of the three gallons re-

ceived June 30th, one gallon of which was ordered by him for his employer, Osborne, and paid for by the latter, and one gallon for Hiram Young, who furnished the money to pay therefor. Except the gallon each bought for and delivered to Osborne and Young, the remainder of the whiskey appellant testified was for his own use and was consumed by him. He denied having sold any of the liquor, and further testified that he resides in Leslie county; that Krypton is a railroad station in Perry county, and that in going from Krypton to his home he reached Leslie county about three miles from Krypton.

In our opinion the proof authorized the submission of the case to the jury. The case in its essential facts is almost identical with that of Cornett v. Commonwealth, decided June 13, 1916, and reported in 170 Ky. page 717, in which it was held that the evidence required the submission of the case to the jury. Here the evidence shows that the whiskey was received by appellee in local option territory, that the shipments amounted on an average to fifty-two pints of whiskey a month, thirteen pints a week or two pints per day, except on Sundays, to which days there was left one pint each. The jury doubtless believed it improbable that appellant individually consumed within the time indicated such a quantity of whiskey as was received by him. They also realized that it is not an unusual thing for persons who engage in the illicit sale of liquor in local option territory to testify falsely to escape the penalties of the law. In addition to the circumstances mentioned, the fact that appellant did not introduce George Osborne or Hiram Young as witnesses to prove that part of the liquor had been ordered for them was calculated to throw doubt upon his own statements that it had in part been ordered for them. The record shows that Osborne was an employer of the appellant and became the surety on his bail bond and that Young was his intimate friend, and there is no evidence tending to show that they could not have been produced and their testimony obtained in his behalf. The jury had a right to consider the improbability of appellant's story and all the circumstances attending his procurement of the liquor and to discredit his testimony in his own behalf, and the essential fact that he had received on the average two pints of whiskey each day for two months was a circumstance the jury was justified in considering in reaching its verdict.

As said in Peters v. Commonwealth, 154 Ky. 689:

"It must be remembered, however, that in determining the purpose of the defendant in a case like this, the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction."

Again, in the case of Combs v. Commonwealth, 162 Ky. 88, we said, in speaking of a case like this:

"In order to complete this offense it is not necessary that the accused shall actually make a sale. It is sufficient if he has the whiskey in his possession with that intent. When the gist of the offense is the intent, then the jury may take into consideration all of the circumstances to determine that fact. From his own testimony the whiskey was for his personal use. In the minds of a jury in local option teritory twelve gallons of whiskey may be too much for one man to have at a time for his personal use and is a strong circumstance to prove that it was in his possession for the purpose of sale." Commonwealth v. Stone, 165 Ky. 338; King v. Commonwealth, 143 Ky. 127.

In view of the rule controlling in cases of this character, recently reannounced in Cornett v. Commonwealth, *supra,* an experienced jury might reasonably conclude that two pints of whiskey each day was more than would reasonably be required for the personal use of the appellant and that it must have been his intention to sell at least a part of it. We are, therefore, unwilling to say that the finding of guilty in this case resulted through passion or prejudice on the part of the jury or that the verdict is not supported by the evidence.

Judgment affirmed.