## Johnson v. Commonwealth.

(Decided September 26, 1916.)

## Appeal from Perry Circuit Court.

1. Evidence—Judicial Notice—Location of Town.—Courts will take judicial notice of the fact that a town is located in a particular county in this state.

2. Intoxicating Liquors—Criminal Prosecution—Evidence.—On a prosecution for violation of the liquor law, evidence considered and held to show that the offense was committed within twelve months of the finding of the indictment.

3. Intoxicating Liquors—Criminal Prosecution—Evidence.—On a prosecution for violation of the liquor law, the jury may conclude from the quantity and frequency of the shipments to the accused that he had the liquor in his possession for the purpose of sale in local option territory.

JESSE MORGAN, B. P. WOOTON and WILLIS W. REEVES for appellant.

M. M. LOGAN, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Tandy Johnson was convicted of the offense of having intoxicating liquor in his possession for the purpose of sale in local option territory and his punishment fixed at a fine of $100.00 and forty days in jail. He appeals.

The evidence shows that he received through the Adams Express Company at Cornettsville, Perry county, Kentucky, four quarts of whiskey on July 8, 1915, four quarts on July 30, 1915, and four quarts on August 19, 1915.

The point is made that the Commonwealth did not show that defendant had the whiskey in Perry county for the purpose of sale therein. The evidence does show, however, that the whiskey was delivered to defendant at Cornettsville, and the courts will take judicial notice of the fact that a town the size of Cornettsville is in Perry county.

The point is also made that the Commonwealth failed to show that the offense, if any, was committed within twelve months before the finding of the indictment. In this connection it is argued that the agent of the Adams

Express Company first testified to the fact that the shipments were delivered within twelve months of the finding of the indictment and that all of this evidence was then excluded and that thereafter the Commonwealth failed to fix the date of the deliveries. This contention, however, is without merit. The record from which the express agent read, as shown by the transcript of evidence, contained the following: "Received from the Adams Express Company, record of liquor shipments delivered at Cornettsville, July, 1915, in good order, the following articles set opposite our respective names." In other words, the record of the express company shows not only the day and month of two of the deliveries, but the year also. This evidence, considered in connection with the fact that the indictment was returned on January 8, 1916, was sufficient to show that the offense with which defendant was charged was committed within twelve months of the finding of the indictment.

Lastly, it is argued that the evidence was wholly insufficient to make out a case. It is insisted that all the Commonwealth showed was the deliveries to defendant, and that he himself testified unequivocally to the fact that he obtained the whiskey for his personal use and neither sold any of it nor had it in his possession for the purpose of sale. Intent is the essential ingredient in a case like this, and in determining that intent the jury are not confined to defendant's testimony alone, but have the right to take into consideration all of the facts and circumstances surrounding the transaction. Considering the frequency of the deliveries and the amount thereof, we are not prepared to say that the conclusion of the jury was not justified by the evidence. Peters v. Commonwealth of Kentucky, 154 Ky. 689; 159 S. W. 531; Combs v. Commonwealth of Kentucky, 162 Ky. 86, 172 S. W. 101; Cornett v. Commonwealth of Kentucky, 170 Ky. 717.

Judgment affirmed.