## Woods v. Commonwealth.

(Decided September 27, 1916.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Possession for Purpose of Sale—Evidence.—It is not essential, in order to sustain an indictment under section 2557b, subsection 2, Kentucky Statutes, for having spirituous liquor in possession for the purpose of selling it in a territory where the local option law prevails, to prove that the accused had the purpose of selling the liquor in the county where he had it in possession, but the offense is committed by having such liquors in possession for the purpose of selling them in any territory. wherein the local option law is in force.

2. Intoxicating Liquors—Evidence.—The purpose of a party, who has liquors in his possession, to sell them in local option territory may be shown by circumstantial, as well as by direct evidence.

J. C. BEGLEY and JOHN L. DIXON for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Ruck Woods, was indicted by the grand jury, in the Perry Circuit Court, for the offense of unlawfully having in his possession, in Perry county,

which is a territory wherein the local option law is in force, spirituous liquor for the purpose of selling it in territory where the local option law is in force, being the offense denounced in Section 2557b, Subsection 2, Ky. Statutes. A trial resulted in a conviction by the jury of the offense and the fixing of his penalty at a fine of one hundred dollars and fifty days' imprisonment in the county jail, and a judgment of the court was rendered in accordance with the verdict of the jury. He filed grounds and moved the court to set aside the verdict and judgment and to grant him a new trial, which motion the court overruled. Hence this appeal.

Two reasons are urged for a reversal of the judgment:

First: The court erred in overruling appellant's motion for a direct verdict, in his favor, at the conclusion of the evidence for the Commonwealth, and at the conclusion of all the evidence.

Second: The court failed to properly instruct the jury as to the law of the case.

The determination of the soundness of appellant's contention, that the court should have sustained his motion for a direct verdict, in his favor, at the conclusion of the evidence for the Commonwealth and at the conclusion of all the evidence, makes an examination of the evidence necessary. It is conceded that the local option law prevails in Perry county. L. D. Smith, the agent for the Adams Express Company, and the agent of the railroad at Krypton, in Perry county, was introduced as a witness for the prosecution, and stated that he was acquainted with the appellant, whom he called Ruck Wooton, and that as such agent, he received and delivered to appellant, in person, four gallons of whiskey between November 27, 1914, and January 30, 1915; that two gallons were delivered to him at Krypton, in Perry county, at one time, and a gallon upon each of two other occasions; that on each of the following dates, he, at the same place, delivered to appellant a gallon of whiskey, viz.: June 22nd, July 4th, July 12th and July 19th, 1915. The witness further stated, that he was informed that appellant resided at some place in Leslie county, at the times mentioned.

The appellant testified in his own behalf, but did not make nor offer any explanation as to why he had ordered the liquors to be shipped to him in the name of Ruck

Wooton, instead of Ruck Woods, and confessed to having received, at Krypton, only the four gallons of whiskey, which the express agent testified to having delivered to him in the name of Ruck Wooton, between November 27, 1914, and January 30, 1915, though he did not deny having received the liquors, which the express agent testified to having delivered to him between June 22 and July 19, 1915. He testified that he had procured the four gallons, which he admitted having received, for his own personal use, and that he received it at Krypton and carried it to his home, which was upon Buck Creek, in Leslie county, and there drank all of it, himself; that he did not drink any of it in Perry county, and did not sell any of it at any place. He stated, also, that he did not remember whether he cut open the packages, in which the liquors were shipped to him, in Perry county or not, but afterwards stated that he did cut open the packages at Krypton, and put the vessels, which contained the whiskey, in his saddle bags.

Bige Woods, the father of appellant, testified that appellant lived with him, in Leslie county, and that appellant brought the whiskey to his home, and there it was drunk by appellant, the witness, Bige Woods, and the members of his family. This statement is a contradiction of the testimony of appellant, who stated that he drank all of the whiskey himself.

To sustain such a charge as the appellant was convicted of, the Commonwealth must prove two things, which go to make up the elements of the offense. It must prove that the accused had the spirituous liquor in his possession, and second, that he had it in his possession for the purpose of selling it in territory in which the sale of liquor is prohibited, or, in other words, territory in which the local option law is in force. When the accused is shown to have had the liquor in his possession, it is not necessary, in order to support the charge, that it be proven that he made a sale or sales of it, but the indictment is sustained when it is proven, that he had it in his possession for the purpose or with the intention of selling it in local option territory. As in all other cases where a criminal or penal charge is made, the charges may be supported by circumstantial, as well as by direct evidence. Direct proof was made, that appellant had the liquor in his possession in Perry county, and this was admitted. The only contested issue was

whether or not he had the whiskey in his possession, in Perry county, for the purpose of selling it in local option territory. If the appellant's statement is true, that he had the liquor in his possession for the purpose of using it himself and without any purpose to sell it in local option territory, then he was guiltless of any violation of the law. The language of the act, with whose violation appellant is charged, is, "Or to have in his possession spirituous, vinous or malt liquors for the purpose of selling them in any territory where said act is in force . . . . . ." Hence, the indictment does not fail, by a failure of proof, that appellant had a purpose to sell the whiskey, in Perry county, if he had it in possession in Perry county and there had the purpose of selling it in a territory where the local option law is in force. If the evidence conduced to prove that appellant had the whiskey in his possession for the purpose of selling it in local option territory, then the question was one for the jury, as in every case where the evidence tends to support and, also, to disprove an essential allegation. The jury may look to and consider all the facts and circumstances in evidence, and the circumstances may be of such character as to outweigh direct evidence, which may be given upon the issue. The frequency of his purchases, and the quantity of liquors purchased, the fact that appellant goes into a county other than the one of his residence and under a name other than his own, orders the liquor shipped to him, are circumstances from which it may be inferred that he had secured the liquors for the purpose of selling them, and hence the court was not in error in submitting the issue to the jury. McGuire v. Com., 30 R. 720; Com. v. Stone, 165 Ky. 338; Combs v. Com., 162 Ky. 86; Peters v. Com., 154 Ky. 689; King v. Com., 143 Ky. 127.

The instruction complained of submitted to the jury the questions as to whether or not the appellant had in his possession spirituous liquors, in Perry county, and also, whether appellant had such possession in Perry county for the purpose of selling the liquors in local option territory, and is not subject to the criticism made in regard to it.

The judgment is affirmed.