## Jones v. Commonwealth.

(Decided September 27, 1916.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Criminal Prosecutions—Evidence.—In a prosecution for violation of the liquor law, the jury may conclude from the quantity and frequency of the shipments to the accused that he had the liquor in his possession for the purpose of sale in local option territory.
2. Appeal and Error—Judgment—Clerical Misprision.—The omission of the word "recover" from a judgment will not authorize a reversal. It is merely a clerical misprision which may be corrected in the proper manner.

JOHN L. DIXON and J. G. BEGLEY for appellant.

M. M. LOGAN, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Defendant, Russell Jones, was convicted of the offense of having in his possession intoxicating liquor for the purpose of sale in Perry county, a local option district, and his punishment fixed at a fine of $100.00. He appeals.

L. B. Smith, agent for the Adams Express Company, at Krypton, Perry county, Kentucky, was the only witness introduced by the Commonwealth. He testified that defendant within one year before the finding of the indictment received the following shipments of intoxicating liquor:

July 15th, 1915................................ 1 gallon
July 19th, 1915................................ 1 gallon
July 28th, 1915................................ 3 gallons
Sept.  4th, 1915................................ 1 gallon
Oct.  3rd, 1915................................ 3 gallons
Oct.  4th, 1915................................ 1 gallon
Nov.  6th, 1915................................ 3 gallons
Nov. 28th, 1915................................ 3 gallons

Making a total of sixteen gallons delivered to defendant between July 15th and November 28th, 1915.

The defendant testified that he received the shipments and immediately carried the liquor to his home in Leslie county, about fifteen miles from Krypton. He never opened or drank the whiskey in Perry county. He never received the shipments for the purpose of sale in Perry county, nor did he sell any of it in Perry county. He did not recall how many shipments of liquor he had received since last August.

For the defendant it is insisted that the evidence is not sufficient to support the verdict and that the court erred in refusing a peremptory instruction in defendant's favor. In this connection it is argued that the Commonwealth's testimony not only failed to show that defendant had the whiskey in his possession for the purpose of sale, but that the evidence of defendant's witnesses, which is uncontradicted, clearly establishes the fact that the defendant purchased the whiskey for his personal use. It has been decided in cases like this that the evidence of defendant's witnesses is not conclusive and that the guilt of the accused may be inferred from the circumstances surrounding the transaction. To that end a jury may consider the quantity and frequency of the shipments of liquor and from these alone conclude that the defendant had the liquor in his possession for the purpose of sale. Cornett v. Commonwealth of Kentucky, 170 Ky., 717. But it is argued that the quantity and frequency of the shipments received by the defendant in Perry county furnish no evidence of his violation of the law there, since he carried the shipments immediately to his home in Leslie county. It must be remembered that the gist of the offense is the intent of the party having the liquor in his possession. If, then, the defendant received and had in his possession the liquor in question for the purpose of sale in local option territory, the jury had the right to conclude that his purpose

was not limited by geographical lines but that, on the contrary, he intended to sell the liquor wherever and whenever an opportunity offered. We are of the opinion, therefore, that the evidence is sufficient to show that defendant had the liquor in his possession for the purpose of sale in Perry county.

The first instruction given by the court is complained of because it did not require the jury to believe that the defendant had the liquor in question in his possession for the purpose of sale in Perry county. Though it may be that the instruction is not worded as carefully as it might have been, we conclude that its phraseology was not prejudicial to the substantial rights of the defendant.

The further point is made that the word "recover" is omitted from the judgment. There are two judgments, one appearing in the record prepared by the clerk and the other in the bill of exceptions. In the judgment in the bill of exceptions the word "recover" appears. It is, therefore, altogether probable that the word "recover" appears in the original judgment and a mistake was made by the clerk in copying it; but whether this be true or not, the omission of the word "recover" from the original judgment would not authorize a reversal. It would amount to nothing more than a clerical misprision, which could be corrected in the proper manner.

Other grounds for a new trial are argued by counsel for defendant, but we do not deem them of sufficient importance to warrant discussion.

Upon the whole case we find no error in the record prejudicial to the substantial rights of the defendant.

Judgment affirmed.