## Polley v. Commonwealth.

(Decided October 3, 1916.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Possession for Purpose of Sale in Local Option Territory.—In order to sustain a prosecution under section 2557b of the Kentucky Statutes for having intoxicating liquors in one's possession for the purpose of selling them in local option territory, the Commonwealth should show: (1) that the person being prosecuted had liquors in his possession; and (2) that he had them for the purpose of selling them in local option terri-

tory. But it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth, since a conviction may be had upon circumstantial evidence.

2. Intoxicating Liquors—Possession for Purpose of Sale—Evidence.— In determining the purpose of a defendant in a case charging him with having intoxicating liquors in his possession for the purpose of selling them, in violation of section 2557b of the Kentucky Statutes, the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction.

C. W. NAPIER for appellant.

M. M. LOGAN, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, Enoch Polley, was indicted by the Grand Jury of Perry County for the offense of having in his possession, in local option territory, spirituous, vinous and malt liquors for the purpose of selling same in such territory. Upon his trial in the Circuit Court he was convicted and his punishment fixed at a fine of one hundred dollars and confinement in the county jail for forty days. He prosecutes this appeal seeking a reversal of the judgment, his only complaint being that the testimony was not sufficient to support the verdict of guilty.

The Commonwealth introduced as its only witness J. H. Mullins, the agent of the Express Company at Cornettsville, in Perry County. By him it was shown that there were delivered to the appellant on August 20, preceding the finding of the indictment, four quarts of liquor; on August 23, three days thereafter, four quarts; and on December 17 following, six quarts. The defendant testified in his own behalf that he received the liquor, as testified to by the express agent, but that it was for his personal use, and that he was assisted in consuming it by some of his neighbors, none of whom appeared to testify in his behalf. Upon his cross-examination it was shown that he owned no property of any character, and was, therefore, a man of extremely limited means, with a family consisting of himself, wife and seven children. This testimony was not objected to, and we presume was admitted for the purpose of showing that one with his limited means and large dependencies could ill

afford to buy such quantities of liquor for hospitable purposes alone. Be that as it may, we are convinced that under the rule announced in the cases of Peters v. Com., 154 Ky. 689; King v. Com., 143 Ky. 127; Combs v. Com., 162 Ky. 88; Cornett v. Com., 170 Ky. 717; Combs v. Com., 171 Ky. 136 (decided September 22nd, 1916), and Couch v. Com., 171 Ky. 146 (decided September 22, 1916), there was sufficient evidence to have submitted the question of the defendant's guilt to the jury, and that its verdict is justified therefrom.

We do not feel called upon to relate here the facts in each of those cases. As an illustrative one, however, it may be said that in the case of Combs. v. Com., 171 Ky. 136, *supra,* the evidence on behalf of the Commonwealth showed that between August 24 and December 5, 1915, there was received through the express company by the defendant in the indictment a total of four gallons of whiskey, in shipments of one gallon each. The defendant testified that these quantities of liquor were received by him for his personal use, and that he did use it, and did not sell any of it in local option territory or elsewhere. Under these facts, it was held that the evidence was sufficient to justify a verdict finding the defendant guilty.

In the case now under consideration the defendant received, between August 20, 1915, and December 17, following, three gallons and a half of liquor; that he received within three days during August two gallons, one on the 20th and the other on the 23rd. Whether the shipment of December 17 is or not taken into consideration, we think the fact of his having received two gallons within three days, all, as he claims, for his personal use, is sufficient to authorize the submission of the case to the jury.

The offense here is one difficult of exact proof. It is a hard task for the prosecution to look into the mind of the defendant, and to show indisputably the purpose for which he has in his possession the intoxicant. In the great majority of cases the most that can be done is to place the facts as to the quantity of liquor obtained by the defendant, the frequency of his procuring it, and other circumstances, before the jury, and let it determine the truth of the matter from all the facts and circumstances. While it is possible the jury might err, yet when it is remembered that some, if not all, of the mem-

bers composing it generally know the defendant and are acquainted with his associates, his environments and his surroundings, the probability of a false finding against him is very remote. We do not mean to say that in all cases the court is bound by the verdict of the jury, or that it is always conclusive, but we do hold that unless the facts and circumstances are clearly convincing that the verdict is wholly unsupported by the testimony it will not be disturbed.

Judgment affirmed.