## Holesapple v. Commonwealth.

(Decided October 12, 1917.)

### Appeal from Clinton Circuit Court.

1. Intoxicating Liquors—Sale by Licensed Distiller—Statute.—A licensed distiller who sells in local option territory and at his distillery, in the original package, a barrel of apple brandy of his own make, not to be drunk on the premises, though the purchaser be not a licensed wholesale dealer or a licensed retail dealer in such liquors, cannot be convicted of the offense defined by section 2557b, Kentucky Statutes, viz., unlawfully having in his possession spirituous, vinous or malt liquors for the purpose of selling same in local option territory. But for making such sale of brandy in local option territory, though it be at his distillery, the brandy be of his own make, and the sale made by wholesale, if the purchaser of such brandy be not a licensed wholesale nor a licensed retail dealer in such liquors, he would be guilty of the offense defined by section 2558a, Kentucky statutes.

2. Intoxicating Liquors—Sale by Licensed Distiller.—As the offense of which the defendant was shown by the evidence to be guilty in this case, is that defined by section 2558a, his indictment for and conviction of the offense defined by section 2557b, was unauthorized.

M. L. JARVIS and ELZA BERTRAM for appellant.

CHARLES H. MORRIS, Attorney General; D. O. MYATT, Assistant Attorney General, and W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Reversing.

The appellant was tried, convicted and his punishment, by verdict of the jury, fixed at a fine of $100.00 and confinement for thirty days in the county jail, under an indictment returned in the Clinton circuit court, charging him with the offense of unlawfully having in his possession spirituous, vinous and malt liquors for purposes of sale in local option territory, in violation of the local option law. The indictment was found under section 2557b, subsection 2, Kentucky Statutes, which provides:

"It shall be unlawful for any person to sell, lend, give, procure for, or furnish to another, any spirituous, vinous, or malt liquors, or to have in his possession spirituous, vinous, or malt liquors for the purpose of selling them in any territory where said act is in force, and any person offending shall be fined not less than $50.00 nor more than $100.00, and imprisoned not less than ten nor more than fifty days. The possession of a United States special tax stamp (commonly called United States license) for carrying on the business of a retail dealer in spirituous, vinous, or malt liquors, or the having of such tax stamp or license stuck up at the place of business in such territory, shall be *prima facie* evidence of guilt under this section."

It conclusively appears from the evidence heard on appellant's trial in the circuit court, and is conceded by the parties, that he sold to the witness, Huddleston, a barrel of apple brandy of his own manufacture, containing more than five gallons, in fact, forty-two gallons, of such liquor; that he was at the time of such sale a manufacturer of apple brandy and the owner of a registered distillery in which it was made; that the sale of the brandy was made on the distillery premises in the original package, which was immediately taken by the purchaser from the premises and none of which was drunk thereon; that the sale was made in local option territory, and that neither appellant nor the purchaser was then a licensed retail dealer of spirituous, vinous, or malt liquors, but that the latter was engaged in the business of retailing such liquors without a license from the state so to do, though that fact was not shown to have been known to appellant.

It is contended by counsel for appellant that it is not the object of the section, *supra,* under which the in-

dictment was found, to make the possession of spirituous, vinous, or malt liquors by the manufacturer thereof, for purposes of sale in local option territory, an offense, but that it is only intended to reach persons who have such liquors in possession for the purpose of selling them in local option territory, but unlike the manufacturers, are prohibited by law from selling them under any circumstances, or at all. The section, *supra,* was and is an act of March 11, 1902, and is followed by section 2558, Kentucky Statutes, which is a part of the local option act of March 10, 1894. The latter section is in part as follows:

"The provisions of this act shall not apply to any manufacturer or wholesale dealer, who, in good faith, and in the usual course of trade, sells by the wholesale in quantities not less than five gallons, delivered at one time, not to be drunk on the premises. . . ."

Section 2557b is evidently an amendment to the act of March 10, 1894. So, it would seem, that if it had been the intention of the legislature in enacting section 2557b to make it an offense for the manufacturer or wholesale dealer to merely have in his possession spirituous, vinous or malt liquors for the purpose of selling them in local option territory, they would in express terms have so declared and in addition have omitted from the section so much thereof as declares that "the possession of a United States special tax stamp (commonly called United States license) for carrying on the business of a retail dealer in spirituous, vinous or malt liquors, or the having of such tax stamp or license stuck up at the place of business shall be *prima facie* evidence of guilt under this section;" and would also have repealed section 2558.

In Combs v. Commonwealth, 171 Ky. 136, we held that "in order to complete the offense of having intoxicating liquors in one's possession for the purpose of selling them in violation of section 2557b of the Kentucky Statutes, it is not necessary that the accused shall actually make a sale; it is sufficient if he has the whiskey in his possession with that intent."

It is not a violation of law for a licensed manufacturer of spirituous, vinous or malt liquors to have in his possession, for the purpose of sale in local option territory, such liquors of his own make, or even to sell them in such territory, but if he sells in quantity less than five gallons, or, in whatever quantity, to one who is not

a licensed wholesale or a licensed retail dealer in such liquors, he does violate the law because he becomes guilty of the offense denounced by section 2558a, Kentucky Statutes, not heretofore referred to, which declares:

"It shall be unlawful to sell by wholesale any spirituous, vinous or malt or other intoxicating liquors, regardless of the name by which it is called (except manufacturers selling liquor of their own make at the place of manufacture to a wholesale dealer or a licensed retail dealer) in any county, district, precinct, town or city, where the sale of such liquors has been prohibited by special act of the General Assembly or by vote of the people under the local option law."

The mere possession, therefore, by a manufacturer, of spirituous, vinous or malt liquors, of his own make, for the purpose of selling them in local option territory, does not constitute an offense under section 2557b; for he may lawfully sell such liquors in local option territory if the sale be made at the place of manufacture and by wholesale, the liquor is not drunk on the premises, and the purchaser is a licensed wholesale or licensed retail dealer in such liquors. If, however, a sale be made by the manufacturer, though by wholesale, to one who is not a licensed wholesale dealer or a licensed retail dealer, he commits the offense denounced by section 2558a, *supra,* and, upon conviction, becomes amenable to the penalty therein prescribed.

Under section 2557b, it is not necessary that the possession of the liquor by the one having it be for the purpose of selling it by retail in local option territory. The offense is committed when he has possession of it for the purpose of selling it in local option territory, whether by wholesale or retail. Neither the quantity sold nor the character of business of the purchaser enters into or constitutes an element of the offense. It is the fact of the having of the liquor in possession by one who is not a licensed wholesale dealer or manufacturer, for the purpose of selling it in any territory where local option is in force, that constitutes the offense.

The offense against the local option law of which the evidence in this case shows appellant to be guilty, is the one defined in section 2558a.

Although the liquor sold by appellant in this case was of his own manufacture, the sale made at the place of its manufacture and by wholesale, and the liquor was not drunk on the premises, as the purchaser was not a

licensed wholesale or licensed retail dealer in such liquors, he (appellant) might have been indicted for and, upon the proof appearing in this record, convicted of the offense denounced by section 2558a, Kentucky Statutes. A conviction, however, was not authorized by section 2557b, under which the indictment was found. Hence, the trial court should have sustained his motion for a peremptory instruction at the conclusion of the evidence.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial and such further proceedings as may not be inconsistent with the opinion.