## Wilson v. Commonwealth.

(Decided September 20, 1918.)

### Appeal from Pendleton Circuit Court.

1. Intoxicating Liquors—Sale in Local Option Territory—Evidence. —To sustain a prosecution under section 2557b, Kentucky Statutes, the Commonwealth must show: (1) That the person being prosecuted had in his possession the intoxicating liquors described in the indictment; and, (2) that he had them for the purpose of selling them in local option territory. It is not,

however, essential to a conviction that direct evidence of either of these facts be made by the Commonwealth, as a conviction may be had on circumstantial evidence.

2. Intoxicating Liquors—Evidence.—In determining whether the purpose of the accused in having the liquors in his possession was to sell them in local option territory, in violation of section 2557b, Kentucky Statutes, the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction.

3. Intoxicating Liquors—Evidence.—In order to complete the offense defined in section 2557b, Kentucky Statutes, proof of a sale or sales of the intoxicating liquors by the accused is not required; it is sufficient to prove that he has the liquor in his possession with that intent.

ALLAN D. COLE, E. E. BARTON and W. A. BYRON for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

The appellant, C. D. Wilson, was tried and convicted in the Pendleton Circuit Court under an indictment charging him with the offense of having in his possession malt liquors for the purpose of selling them in local option territory in violation of section 2557b, Kentucky Statutes. His punishment was fixed by verdict of the jury at a fine of $100.00 and fifty days' imprisonment in jail. He was refused a new trial and has appealed.

He complains (1) of the admission by the trial court of incompetent evidence; (2) of the refusal by the court of a peremptory instruction, directing his acquittal by the jury; (3) that the verdict of the jury was unsupported by and is contrary to the evidence.

The only witness introduced by the Commonwealth was J. R. Earle, station agent of the Louisville & Nashville Railroad Company, at Falmouth, Kentucky, who testified to the shipment to appellant from Covington, Kentucky, of about 180 dozen pints of malt liquor (beer), these shipments being shown by a book containing a record of all such shipments made by the railroad company to Falmouth, which book, showing the shipments, was produced by the witness and exhibited to the jury. It appears from this book that about 120 dozen pints of beer were shipped to and received by appellant more

than a year before the finding of the indictment. The appellant objected to the introduction of the evidence as to the shipment of the first 120 dozen pints of beer, whereupon the court confined the witness and the introduction of the book to such shipments of beer as were made appellant within the year next before the finding of the indictment, and it appeared from the entries on the book and the statements of the witness that there were shipped to and received by appellant between September 15th and October 10th, 1917, of the year covered by this indictment, 60 dozen pints of beer, and the shipment of these 60 dozen pints only was allowed to be considered by the jury. It will thus be seen that the court sustained the objection of the appellant as to the shipments of beer made prior to the year covered by the indictment and in effect excluded that evidence. It would seem, therefore, that the complaint of appellant as to the admission of the shipments made prior to the year covered by the indictment is without merit.

It is further claimed by appellant that there was no evidence making competent the entries in the book exhibited to the jury. It is true that it was not shown by the witness that he had made the entries in the book or that he knew by whom they were made, nor did he identify the entries as in the handwriting of himself or any other person, but the record fails to show that the introduction of the book and entries was objected to by appellant. The only objection made by the appellant appearing of record was as to the entries in the book of shipments made prior to the year covered by the indictment. In order to avail himself of the complaint now made the appellant should have objected to the introduction of the book and entries at the time they were made and if there had been a failure on the part of the witness to properly identify same and the court had, notwithstanding, allowed the book to be introduced as to the entries of shipments within the year covered by the indictment, appellant should have excepted to such ruling, but, as stated, this he failed to do. Harris v. Cook, 163 Ky. 781; I. C. R. R. Co. v. Commonwealth, 179 Ky. 28; Commonwealth v. L. & N. R. R. Co., 175 Ky. 250.

The second and third complaints of appellant will be considered together. Appellant in testifying in his own behalf admitted receiving the shipments of beer shown by the book of the railroad company, but claimed that

sixty per cent of it was used by himself and family and forty per cent was taken by him to a club room. What club room was referred to or where situated is not shown by his testimony, nor did he state what use was made of the forty per cent of beer received by him which he took to the club room. He does say, however, that none of the beer he received was sold by him. In Combs v. Commonwealth, 171 Ky. 136, and in numerous other cases, we held that in determining the purpose of a defendant in a case charged with having intoxicating liquors in his possession for the purpose of selling them in violation of section 2557b, Kentucky Statutes the jury are not confined to his testimony alone, but have a right to take into consideration all the facts and circumstances surrounding the transaction. Evidence of the shipment of unusual quantities of spirituous or malt liquors, which could not within the time covered by such shipment have reasonably been consumed by personal use, is a circumstance which the jury may consider in determining whether they were in his possession for purposes of sale, notwithstanding his denial that they were received by him for such purpose. In other words, it is not essential to sustain a conviction that proof be made of an actual sale of any part of the liquors received. It is sufficient if there is any evidence to show that he has the liquor in his possession with that intent. All the facts and circumstances surrounding the transaction or transactions may be considered by the jury in determining the guilt or innocence of the defendant. The rule announced in the Combs case, *supra,* has been clearly recognized in the following cases: Couch v. Commonwealth, 171 Ky. 146; Johnson v. Commonwealth, 171 Ky. 175; Woods v. Commonwealth, 171 Ky. 200; Combs v. Commonwealth, 171 Ky. 231; Jones v. Commonwealth, 171 Ky. 211; Polley v. Commonwealth, 171 Ky. 307; Lemon v. Commonwealth, 171 Ky. 822; Commonwealth v. Gritten, 180 Ky. 446.

The shipment to appellant of such unusual quantities of beer from Sept. 15th to October 10th, 1917, and his unsatisfactory explanation of the disposition made by him of the 60 dozen pints of beer thus received, furnished sufficient evidence to take the case to the jury, and as the jury doubtless were of the opinion that this furnished sufficient evidence of his having the beer in possession for the purposes of sale, we are without authority

to hold that there was no evidence upon which to base .the verdict or that the verdict returned by them is contrary to the evidence. For these reasons we are unable. to say that the trial court erred in refusing the per-· emptory instruction asked by appellant, or in refusing him a new trial.

Under the authority of the cases referred to the judgment of conviction must be, and is, affirmed.