## Duke v. Commonwealth.

(Decided October 18, 1921.)

### Appeal from Christian Circuit Court.

Intoxicating Liquors—Possession for Sale—Sufficiency of Evidence.—Evidence that when the searching officers entered defendant's premises, where he kept a soft drink stand and restaurant, they found defendant's father in possession of a half-filled half pint bottle of intoxicating liquor, which the father attempted to pour out, was not sufficient to sustain a conviction for the offense of having intoxicating liquor in one's possession for the purpose of sale, there being no evidence that the father was the agent or employe of defendant, or that defendant had any interest in the whiskey, but the contrary appearing.

BREATHITT & BREATHITT for appellant.

CHARLES I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

G. C. Duke appeals from a judgment based on a verdict finding him guilty of the offense of having intoxicating liquors in his possession for the purpose of sale, and fixing his punishment at a fine of $300.00 and sixty days' imprisonment in the county jail.

The only ground relied on for reversal is that the verdict is not sustained by sufficient evidence.

Appellant conducts a soft drink stand and restaurant at No. 115 North Virginia street, in the city of Hopkinsville. The county judge of Christian county issued a

search warrant directing the sheriff of the county, or any policeman of the city of Hopkinsville, to search appellant's premises for intoxicating liquors. The writ was executed by the deputy sheriff and certain policemen of the city.

The evidence for the Commonwealth is as follows: Gus Breathitt, a policeman, went to the rear door of the building, while the other policemen, Ellis Roper and W. D. Hawkins, and Rex Henderson, the deputy sheriff, entered by the front door. On entering the building they found J. F. Duke, father of appellant, and Goebel Duke, a brother, on the inside. No one else was there. J. F. Duke was standing by the counter of the soft drink stand, and as the officers entered, he ran toward the rear of the counter, where there was a sink, and was in the act of emptying something out of a bottle when Henderson vaulted over the counter, seized him and took from him a half pint bottle about half full of white corn whiskey. About this time appellant came into the building by the front door. No other intoxicating liquor was found on the premises.

Appellant testified that he was the tenant of the building; that it was used by him as a soft drink stand and restaurant; that he had never had any intoxicting liquors on the premises for the purpose of sale; that he was not present when the officers commenced their search and did not have any intoxicating liquors on or in his premises for any purpose whatsoever, and so far as he knew there were no intoxicating liquors on said premises; that he had not come to work at the time the search took place, and that the restaurant and soft drink stand were being conducted by his younger brother, Goebel Duke, during his absence, and that his father, J. F. Duke, had no connection with his business or the premises, and was neither his employe nor agent. J. F. Duke testified that he lived about twenty miles north of Hopkinsville; that he was the father of appellant but had no interest in, or connection with, the premises or the business therein conducted; that he came to Hopkinsville on the evening of January 24th, and that the half pint bottle found in his possession was his own personal property; that it contained liquor which he had bought for his own personal use, and appellant had no interest in it; that he brought the bottle into the building on his person for his own use; that for a great many years he had been accustomed to drinking liquor, and that at the time the search took place he had walked

around the counter for the purpose of taking a drink of his own liquor, and was in the act of mixing a toddy for himself; that he had had considerable trouble with the authorities, and when the officers came in the door he thought they were after him and probably intended him some injury; that he ran back toward the rear of the counter and undertook to pour out the liquor in the bottle, but was caught by Henderson, the deputy sheriff.

We have adopted a very liberal rule in regard to the *quantum* and character of evidence necessary to sustain a conviction for the offense of having intoxicating liquor in one's possession for the purpose of sale. Thus, we have held in a number of cases that direct evidence is not necessary, but that the guilt of the accused may be inferred from the fact of possession, the quantity of liquor on hand, the frequency with which it is ordered and the other facts and circumstances surrounding the transaction. Combs v. Commonwealth, 171 Ky. 136, 188 S. W. 329; Combs v. Commonwealth, 162 Ky. 86, 172 S. W. 101; Wilson v. Commonwealth, 181 Ky. 370, 205 S. W. 391. In such cases, however, the facts and circumstances relied on are not sufficient unless they point with some degree of certainty to the guilt of the accused. Here it was necessary for the Commonwealth to show, first, that appellant had intoxicating liquor in his possession, and, second, that he had it for the purpose of sale. The only evidence on the question is the fact that, when the officers entered, appellant's father had a half filled half pint of liquor in his possession and attempted to pour it out. It was not shown that appellant had other intoxicating liquor in the house, or that he was in the habit of selling intoxicating liquor. It was not shown that the liquor in question was on the shelf, or under or behind the counter, or anywhere else on appellant's premises except in the possession of his father. It was not shown that the father was the agent or employe of appellant, or that appellant owned or had any interest in the liquor. The only evidence on these questions is to the contrary. Furthermore, the quantity of the liquor, there being about one gill in the half pint bottle, was hardly sufficient, in the absence of other circumstances, to justify the inference that it was possessed for the purpose of sale. We are, therefore, constrained to the conclusion that the verdict was flagrantly against the evidence.

Judgment reversed and cause remanded for new trial consistent with this opinion.