### 9776.   BRAGG v. THE STATE.

STEPHENS, J.   1. Where a witness testified that he approached the de-
fendant and made inquiry of him as to where witness could obtain
some whisky, that the defendant replied that he himself had none, but
pointed out a negro from whom he thought some could be obtained,
that this negro had sometime before offered to sell him some, that
witness gave the defendant some money with which to see this negro
and get for witness the whisky, that the defendant returned in a short
while and told witness that the whisky could be found in a certain
place, and upon witness going to the place designated he found some
whisky, this evidence, under the repeated rulings of this court, was
sufficient to authorize the jury to infer that the defense set up by
the defendant, that he was acting purely as an agent of the purchaser
to procure said whisky, was a subterfuge, and that the defendant was
himself making the sale, or assisting the negro to make it. The evi-

dence was therefore sufficient to authorize the jury to convict the defendant of the offense of selling intoxicating liquors.

2. The special grounds of the motion for new trial are absolutely without merit.

　*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
　　　　　　　　DECIDED JANUARY 9, 1919.

Accusation of sale of liquor; from city court of Sylvania—Judge Evans. April 13, 1918.

*H. S. White,* for plaintiff in error.

*A. B. Lovell, solicitor,* contra.