STATE, Respondent, v. VAN EREM, Appellant.

(195 N. W. 500.)

(File No. 5224.   Opinion filed October 26, 1923.)

**Intoxicating liquors—Criminal Law—Evidence Held to Sustain Conviction for Sale.**

. Evidence held sufficient to sustain a conviction for unlawful sale.

Appeal from Circuit Court, Roberts County; HON. B. A. WALTON, Judge.

William Van Erem was convicted of unlawfully selling intoxicating liquor. From the judgment and an order denying a new trial, he appeals. Judgment and order affirmed.

*Babcock & Babcock*, of Sisseton, for Appellant.

*Byron S. Payne*, Attorney General, and *Ray F. Drewry*, Assistant Attorney General, for Respondent.

DILLON, J.   Information charging the defendant with the unlawful sale of intoxicating liquors to one Ole P. Brunstuen, at Summit, this state.   It appears that the defendant came to the Brunstuen store to do some trading.   Brunstuen asked Van Erem if he could find some liquor, to cure a cold.   Defendant replied he had none, and did not know just where there was any.   Then Brunstuen asked him if he did not think he could find somebody that had liquor; that he was sick and needed it.   Defendant said he would look around and see if he could find anybody that had some, and, if he located any he was to leave it right in the corner in the back part of the store near the desk.   Later Brunstuen found a pint bottle of intoxicating liquor at the place designated and drank it.   Defendant did not ask for any pay for it, but Brunstuen had an account of about $2 charged against defendant on a slip.   When Brunstuen found the liquor, he tore up the slip and told the defendant he found it all right.   Defendant said, "All right."   Brunstuen did not see the defendant leave the liquor in the corner, and did not know who left it there; but he thought the defendant brought it, because he was the one that was asked to look around to find some liquor.   Defendant's wife testified that she was in the store on the occasion that Brunstuen testified to, and heard them talking about some liquor; she heard them mention a man by the name of Peterson, who possessed some liquor.

While no one testified to seeing the delivery of the liquor, yet we think the jury was justified in reaching the conclusion that there was an understanding between the parties that the defendant should place or cause to place the liquor in the place agreed upon. We are satisfied that defendant has had a fair trial, and fail to find any prejudicial error in the admission of evidence or the instructions given by the court. In support of this conclusion we cite Commonwealth v. Stone, 165 Ky. 336, 176 S. W. 1138; Combs v. Commonwealth, 162 Ky. 86, 172 S. W. 101; Bragg v. State, 23 Ga. App. 138, 99 S. E. 310.

Order denying motion for a new trial and judgment is affirmed.

Note.—Reported in 195 N. W. 500. See, Headnote, American Key-Numbered Digest, Intoxicating liquors, Key-No. 236(11), 23 Cyc. 267.