## Dave and Edith King v. Commonwealth.

(Decided April 24, 1913).

### Appeal from Daviess Circuit Court.

1. Appeal—Appeals in Misdemeanor Cases—Imposition of Penalty in Addition to Fine—In such Case Appeal Will Lie.—While under section 347 of the Criminal Code appeals to the Court of Appeals only lie in misdemeanor cases where the fine exceeds $50, where the judgment imposes upon the defendant some penalty in addition to the fine, or requires him to abate a nuisance which involves the expenditure of money or time, the right of appeal will lie, although the judgment be for a fine of less than $50.
2. Appeal—Where One's Home Subjected to Espionage of Public Official.—The statute is not intended to deprive one of the right of appeal from a judgment wherein his home is subjected to espionage by a public official.
3. Appeal—Section 347 Criminal Code—Appeal Under Must Be Granted by Circuit Court—Striking Case From Docket.—Under section 347 Criminal Code appeals in misdemeanor cases can only be granted by the circuit court, and where the transcript shows no appeal was granted, no appeal is pending, and there being none, this case is stricken by the court on its own motion.

LOUIS I. IGLEHEART for appellants.

JAMES GARNETT, Attorney General; OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Striking the Case from the Docket.

Appellants were indicted charged with the maintaining of a nuisance. Upon trial they were each fined $37.50 by a verdict of the jury, upon which verdict the court entered a judgment; in the judgment they were ordered within five days to abate the nuisance, and the sheriff of Daviess County was ordered to visit the premises of the defendants after the expiration of the five days for the purpose of ascertaining whether or not the nuisance had been abated, and to make his report to the next criminal

term of the court; the defendants were further directed to permit the sheriff or his deputy to inspect their said premises for the purpose of ascertaining whether the order of the court had been complied with.

The Commonwealth has entered a motion in this court to dismiss the appeal. Manifestly the judgment of the circuit court is something more than a mere judgment of $37.50 against each one of the appellants; it requires them to submit to an inspection and examination of their premises by an officer of the court, in addition to requiring that the nuisance should be abated. Under section 347 of our Criminal Code appeals only lie to this court in misdemeanor cases where the fine exceeds $50, or the imprisonment thirty days. But when the judgment imposes upon the defendant some penalty in addition to the fine, or convicts him of an infamous offense or deprives him of the right to hold office, or requires him to abate a nuisance which involves the expenditure of money or time, the right of appeal will lie although the judgment be for a fine of less than $50.

Clearly the statute is not intended to deprive one of the right of appeal from a judgment wherein his home and domicile is subjected to espionage or examination by a public official.

After the motion and grounds for a new trial were overruled appellants prayed an appeal to this court, which the circuit court refused to grant them. At the same term of the court they tendered and offered to file a transcript of the evidence and bill of exceptions made out by the official stenographer of the court, and asked the lower court to approve the same, and make them a part of the record, which motion does not appear to have been acted upon. Section 348 of the Criminal Code in dealing with appeals from misdemeanor judgments provides "The appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment."

The provisions of this section are mandatory upon the circuit court and leave nothing to its discretion; it was clearly the legislative purpose in such cases to leave entirely to this court the question of determining whether an appeal will lie.

The bill of exceptions having been tendered within the time prescribed by law, it was the duty of the judge of

the court below to sign it if it was correct, as tendered, and make it part of the record; and if it was not correct, to correct it and then sign it. It is not the meaning of our code provisions in misdemeanor cases to permit the circuit judge, because he may believe that a party is not entitled to an appeal, to deprive him of the right of having that question tested in this court, by either refusing to grant him an appeal as is prescribed by law, or by failing or refusing to sign a bill of exceptions properly tendered.

But there is no provision of law by which an appeal in such a case may be granted except by the circuit court; and the transcript of the record in this case shows that no appeal has been granted, and for that reason there is no appeal pending in this court; and there being none, the motion of the Commonwealth to dismiss it is overruled, but the court on its own motion directs that this case be stricken from its docket.

But appellants are not without remedy; they may by proper proceeding in this court require the circuit judge both to enter an order granting the appeal as is required by law, and to sign a proper bill of exceptions and make it a part of the record in the lower court; and they will still have the right of appeal within sixty days from the time such order granting the appeal may be entered. Kelly v. Toney, 95 Ky., 338; Louisville Industrial School &c. v. City, 88 Ky., 584; Terry v. Baker, 23 R., 2406; Commonwealth v. Cantrill, 25 R., 20.

This case is stricken from the docket.