### Combs v. Commonwealth.

(Decided January 12, 1915.)

Appeal from Perry Circuit Court.

1.   Intoxicating Liquors—Local Option.—Under an indictment for having liquor in one's possession for sale in local option territory,

the jury may take into consideration all the circumstances to determine whether the possession was for purpose of sale.

2.   Jurisdiction—Judicial Notice—Location of Cities and Towns.— The court and jury have the right to take cognizance of the county in which public cities and towns are situated without proof aliunde of that fact.

NAPIER & TURNER for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant, John S. Combs, is a negro school teacher in Perry county, and his brother, Brit Combs, is a practicing physician, and has a place of business (not named) in Hazard, the county seat of that county. John S. Combs, the appellant, was indicted and fined $60 for the offense of having whisky in his possession for the purpose of sale in Perry county, a territory where the sale of such liquor is prohibited by law.

We gather from the testimony of the express agent at Hazard and the appellant—the only witnesses in the case—that Brit Combs ordered 12 gallons of whisky to be shipped in the name of his brother, the appellant. The whisky came by express in four packages. There were marks on the packages to show that they contained whisky, and were for the personal use of the consignee. Brit Combs went to the express office and asked permission of Collins, the agent, to take possession of the whisky and sign his brother's name to the receipt. This being refused, his brother, the appellant, went to the office, signed for the whisky and told the express agent, who was also a drayman, to take the whisky to his brother's place of business. The receipt signed by the appellant is an acknowledgment that he knew the contents of the packages, and is a representation that they were for his personal use. The expressman testifies also that in case of whisky shipments it is his custom to inquire of the consignee if it is for personal use, and "I think I asked the defendant that question."

In the face of the label on the packages and the wording of the receipt, and his ability as a school teacher to read, he says that he did not know that the packages contained whisky, nor did he know that his brother Brit had ordered any whisky or other thing in his name.

There were a number of suspicious circumstances connected with the transaction, and all of them were proper subjects for the jury's consideration in determining whether or not the transaction was unlawful. The quantity of whisky in the shipment; the fact that Brit did not order it in his own name; the fact that the appellant, ignorant of the character of it, failed to make any inquiries of his brother, and, without a question or a look, went to the express office, signed the receipt and thereby assumed responsibility for it, are sufficient to raise the question as to whether it was not in fact a subterfuge resorted to by both parties to procure the whisky for unlawful use—just such a trick or artifice as the statute declares shall not be used to evade the liquor laws. The fact that Brit undertook to use his brother's name in this way is evidence to show that his reputation was such that he could not accomplish the purpose in his own name.

When appellant receipted for the whisky he at once directed the express agent how to dispose of it, and the expressman then became his agent to that extent, so that for all practical purposes the liquor did come into appellant's possession. In order to complete this offense it is not necessary that the accused shall actually make a sale. It is sufficient if he has the whisky in his possession with that intent. When the gist of the offense is the intent, then the jury may take into consideration all of the circumstances to determine that fact. From his own testimony the whisky was not for his personal use. In the minds of a jury in local option territory 12 gallons of whisky may be too much for one man to have at a time for his personal use, and is a strong circumstance to prove that it was in his possession for purposes of sale.

In Peters v. Commonwealth, 154 Ky., 689, the court used this language:

"It must be remembered, however, that in determining the purpose of the defendant in a case like this, the jury are not confined to his testimony alone, but have the right to take into consideration all of the facts and circumstances surrounding the transaction."

To the same effect is King v. Commonwealth, 143 Ky., 127, where the court said:

"It is, however, necessary to sustain a prosecution that the Commonwealth, in a case like the one before us,

should show, first, that the person being prosecuted had in his possession liquors, and, second, that he had it for the purpose of selling it in local option territory. But it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth, and conviction may be had upon circumstantial evidence.''

Appellant argues that the Commonwealth failed to prove that the offense was committed within twelve months before the finding of the indictment. We are unable to understand the reason for this argument when the record shows the indictment was returned May 19th, 1914, and the circumstances above referred to occurred on February 13th, 1914.

Appellant insists that the lower court erred in refusing to give a peremptory instruction, because the Commonwealth failed to prove that the offense was committed in Perry county. The testimony shows that the offense was committed in the town of Hazard. The county seat of Perry county is Hazard, where the trial was had.

"The court and jury have the right to take cognizance of public cities and towns within their jurisdiction without proof *aliunde* of the particular county in which they are situated; they are presumed to have knowledge of the fact; for instance, the court and jury are presumed to know that Springfield is the county seat of Washington county, and that it is situated in that county. This presumption is judicial and no proof *aliunde* is required of the fact. The burden, therefore, was on the appellee to show that the offense was committed in some other jurisdiction.'' Commonwealth v. Patterson, 10 R., 167, 8 S. W., 694; see also Hays v. Commonwealth, 12 R., 611, 14 S. W., 833; Pickerel v. Commonwealth, 17 R., 120, 30 S. W., 617; Combs v. Commonwealth, 15 R., 659, 25 S. W., 592; Warner v. Commonwealth, 27 R., 219, 84 S. W., 742.

The judgment is affirmed.