## Young v. Commonwealth.

(Decided April 25, 1922.)

### Appeal from Jessamine Circuit Court.

1. Intoxicating Liquors—Possession for Sale—Meaning of Word "Keep."—In the statute making it unlawful "to keep" for sale spirituous, vinous, malt or intoxicating liquors, the word "keep" means to have in possession.

2. Intoxicating Liquors—Keeping for Sale—Possession.—Under the statute making it unlawful "to keep" for sale spirituous, vinous malt or intoxicating liquors, the possession may be by the accused in person or through an agent.

3. Intoxicating Liquors—Keeping for Sale—Evidence—Question for Court.—Where defendant receipted for express packages containing intoxicating liquor, and then went with the express agent to the warehouse to get the packages, but before the packages were turned over to defendant, and even before the express agent had time to identify them or point them out, or indicate that they were at defendant's disposal, the police officers arrested defendant and themselves took possession of the packages, the evidence was insufficient to show that the liquors were kept for sale by defendant and his motion for a peremptory instruction should have been sustained.

R. W. KEENON and JOHN DEERING for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. Mc-GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal by T. B. Young from a judgment convicting him of having intoxicating liquors in his possession for the purpose of sale and fixing his punishment at a fine of $300.00 and 40 days in jail.

The only question we deem it necessary to consider is whether appellant was entitled to a peremptory instruction at the conclusion of the evidence for the Commonwealth.

The material facts developed by the evidence are as follows: On January 21, 1922, two packages shipped from Glenn Mary, Tennessee, and consigned to Sam Taylor at Nicholasville, Kentucky, arrived at their destination and were placed in the warehouse of the express company. Soon after their arrival, the sheriff of Jessamine county and his deputy, claiming that they had received information that intoxicating liquors were being shipped

to Nicholasville, went to the express office and examined
the packages with the permission of the negro porter.
The sheriff then left and obtained a warrant for Sam
Taylor, the consignee. After procuring the warrant, the
sheriff and his deputy waited near the express office
until they saw appellant and the agent of the express com-
pany enter the office and pull down the blind. While in
the office, appellant paid the express agent the charges
on the packages. The express company kept a book in
which it was customary for consignees to receipt for
freight, but on the occasion in question the agent told ap-
pellant that he was in a hurry, that the book had not been
made out, but that he would make the entry and sign it
off for him. To this remark appellant made no response.
Appellant and the express agent then left the express
office for the purpose of going to the warehouse to get the
packages. Upon entering the room, the agent walked a
distance of about thirty feet and turned on the light.
Appellant and the agent were about fifteen feet distant
from the packages. At that moment the officers ap-
peared. According to their testimony they asked the
agent if he had delivered the packages and he replied that
he had. According to the agent's testimony, they asked
if he was satisfied with the charges and he said, ''Yes.''
The officers then arrested appellant, took the packages
to the sheriff's office where they were opened and found
to contain moonshine whiskey. At the time the officers
appeared the packages had not been identified or pointed
out by the agent, nor had appellant taken hold of them or
started towards them for that purpose.

The statute makes it unlawful to ''keep for sale''
spirituous, vinous, malt or intoxicating liquors except
for sacramental, medicinal, scientific or mechanical pur-
poses in the Commonwealth of Kentucky. Section
2554a-1, Kentucky Statutes. To ''keep'' is to have in
possession. Balfe v. People (Colo.) 179 Pac. 137. The
possession may be by the accused in person or through
an agent. Hoskins v. Commonwealth, 171 Ky. 204, 188
S. W. 348. The question is, did appellant acquire posses-
sion? Cases involving the time of the passing of title to
personal property are not controlling, because possession
does not always follow the title. Clearly, one must get
before he can keep or have in his possession. When the
liquor was delivered to the carrier, it acquired possession
and its possession continued until surrendered. There
were other packages in the warehouse. Appellant did

not acquire possession by paying the charges and entering the warehouse with the agent for the purpose of identifying and receiving the packages in question. Doubtless if the officers had waited a few seconds, the packages would have been turned over to appellant, but before this could be done, and even before the agent himself had time to identify the packages, or point them out, or indicate that they were at appellant's disposal, the officers arrested appellant and themselves took possession of the packages. In view of these circumstances, it seems clear to us that the packages passed from the possession of the express company into the possession of the officers, and therefore were never kept by appellant within the meaning of the statute. Combs v. Commonwealth, 162 Ky. 86, 172 S. W. 101, does not announce a contrary rule. In that case the defendant receipted for the whiskey and directed the express agent, who was also a drayman, to take the whiskey to his brother's place of business. It was held that the expressman became defendant's agent, so that for the purpose of a prosecution for having possession of whiskey for sale in local option territory the whiskey came into defendant's possession.

The motion for a peremptory instruction should have been sustained.

This conclusion renders it unnecessary to determine whether the evidence presented by the Commonwealth was obtained by an unreasonable search and seizure.

Judgment reversed and cause remanded for a new trial consistent with this opinion.