### Fletcher v. Commonwealth.

(Decided November 28, 1922.)

#### Appeal from Rockcastle Circuit Court.

1. Intoxicating Liquors—Offenses Committed in Officers' Presence.— For violations of the liquor laws of this state committed in their presence, its law officers may make arrests and seize intoxcating liquors without a search warrant, or other writ.

2. Intoxicating Liquors—Offense Committed in Presence of Officer.— Where on the trial of a defendant, under indictment for unlawfully keeping for sale intoxicating liquors, it was proved that

while under espionage of officers of the law he went directly to where two jars of such liquor were concealed in a field, and in their presence took possession of and removed one of the jars of liquor and while walking away with it in his possession was intercepted and arrested by the officers, such evidence authorized his resulting conviction of the offense charged, although it was unaccompanied by the introduction in evidence of a search warrant that was in the possession of the officers at the time of the arrest, as in such state of case their possession of a search warrant was unnecessary.

3. Intoxicating Liquors—Instructions.—It was not error for the trial court to refuse an instruction that would have told the jury that. if they believed from the evidence the intoxicating liquor was not the property of the accused, but that of another, they should acquit him. The ownership of the liquor was not material; for if it was unlawfully kept by the defendant for sale, or taken into his possession for that purpose, whether as the owner, agent of the owner, or, as he testified, it was wrongfully appropriated by him without the knowledge or consent of the owner, such possession of it authorized the inference of his guilt of the offense charged, as declared by the verdict of the jury.

L. W. BETHURUM and S. D. LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the court below entered upon the verdict of a jury by which the appellant was found guilty of the offense of unlawfully keeping for sale spirituous liquors, and his punishment fixed at a fine of $300.00, and confinement of sixty days in jail. The indictment properly charged the offense and alleged that the sale intended of the liquor was not for any of the lawful purposes excepted by the statute from its provisions.

The grounds urged by the appellant in the court below for a new trial, and also insisted upon in this court for the reversal of the judgment of conviction, were and are error of the trial court: (1) In admitting incompetent evidence; (2) in refusing certain instructions offered by the appellant. That a clear understanding of these contentions may be arrived at, consideration of the evidence heard on the trial will be necessary. The witnesses for the Commonwealth were Monroe Miller, jailer, and Roscoe McKinney, a deputy sheriff, of Rockcastle county, who substantially testified that having received information that "bootleggers" were keeping for sale whiskey

on what was known as the "Miller Hill," a half mile from Mt. Vernon, they obtained of the county judge of Rockcastle county a search warrant and proceeded to the place in question for the purpose of discovering the whiskey, and found two half gallon jars of whiskey in an open field, one of them under a cedar shrub and the other in the crevice of a rock only a few feet from the first. Each of the jars was partly covered with leaves, but neither sufficiently concealed to prevent the officers from easily seeing the jars and their contents without disturbing the leaves. Without then taking charge of the jars of whiskey, the officers secreted themselves behind some cedar shrubs near the whiskey, with the expectation that the owner of the whiskey would soon come for it and thereby reveal to them his identity. In a short time this expectation was met by the coming of the appellant, who in plain view of the officers, and with apparent knowledge of the exact location of the jars of whiskey, walked directly to them, picked up one of them and immediately started to walk away with it in the direction of Mt. Vernon. Thereupon the officers left their place of concealment and intercepted him within thirty feet of where he had gotten the jar of whiskey. When stopped by the officers, appellant threw the jar of whiskey to the ground about ten feet away, but as the jar was not broken or opened by its fall it was, with its contents unwasted, at once picked up and taken in custody by one of the officers. This occurrence was followed by the appellant's arrest.

Manifestly, this evidence was sufficient to establish the appellant's possession and control, if not his actual ownership of both jars of the whiskey; and in either event its attempted concealment by him in the manner shown, together with the circumstances attending his surreptitious attempt to remove a part of it, strongly conduce to prove that his purpose was to sell the whole of the whiskey and that it was kept by him for that purpose. In brief the method employed by the appellant with respect to the whiskey in question, is such as would naturally be employed by the modern "bootlegger" in engaging in the unlawful traffic of that unlawful product. It is, however, insisted for the appellant that the whole of the Commonwealth's evidence is incompetent and should have been excluded when objected to by him, because of the failure of the Commonwealth to prove

that the whiskey was discovered and seized under authority of a legal search warrant issued upon legal information, which, it is argued, could properly be done only by the introduction in evidence of such search warrant and the affidavits containing the information upon which it was issued, and this the Commonwealth did not do.

On the facts of this case this contention cannot prevail. While Miller, the jailer, testified that he had a search warrant at the time he and the deputy sheriff discovered the whiskey in question, his possession of the writ was unnecessary, for the appellant by his acts in assuming the ownership and custody of the whiskey and actually taking in hand a part of it with intent to remove it from where it had been deposited, all done in the presence of the officers and after their discovery of the whiskey, in fact and in contemplation of law committed in their presence the offense for which he was indicted and convicted. This being true the officers had a right to arrest the appellant without a warrant, hence neither the introduction in evidence of the search warrant nor affidavits upon which it was issued was required. Moreover, as it does not appear from the evidence that the appellant owned or was an occupant by tenancy of the land where the whiskey was found, or that he had permission from the owner to use it for any purpose, it is not perceived that he can complain of the seizure of the whiskey without a search warrant. In making use of the land for storing or concealing whiskey of which he was the owner or custodian, the appellant was a mere trespasser; therefore, he had no greater right to use the land for the purpose to which he applied it, than had the officers of the law to enter it without a search warrant. In brief for violations of the liquor laws of this state committed in their presence, its law officers may make arrests and seize intoxicating liquors without a search warrant. Bowling v. Commonwealth, 193 Ky. 642; Turner v. Commonwealth, 191 Ky. 825; Commonwealth v. Riley, 192 Ky. 153.

Our conclusion respecting the appellant's second contention, which urges his complaint of the trial court's refusal of the instructions A, B, and C, offered by him, as claimed, under authority of the opinion in Whitehead v. Comth., 192 Ky. 428, is, that the rejection of those instructions was not error. Instructions A and C would have submitted to the jury, predicated upon their belief

to be arrived at from the evidence, the question as to whether the whiskey in question was in appellant's possession for his personal consumption, and if so, that he had the right to transport it, though concealed on his person, to his home.

By instruction B, the jury would have been told that if they believed from the evidence that the whiskey belonged to one John Cromer, and not to the appellant, they should acquit the latter.

Obviously, instructions A and C were not authorized by anything said in Whitehead v. Commth, *supra*. The facts in the Whitehead case are wholly dissimilar to those of the case at bar. In that case it appeared from the uncontradicted evidence that Whitehead, who was afflicted with a weak heart requiring the frequent taking of whiskey as a stimulant, upon the advice of his physician purchased some whiskey of bootleggers across the Ohio river, which he kept in jars under the bed in a room of his dwelling house, solely for his necessary personal use. In view of this state of facts, we held that the trial court should have given an instruction substantially telling the jury, that although the defendant had the whiskey in a house in his possession, if they believed from the evidence that the house was occupied by him only as a dwelling house and the whiskey was kept therein solely for his personal consumption, and not for sale, they should find him not guilty.

It is manifest that such an instruction can have no application to the facts of the instant case which show that the whiskey was never in a dwelling house occupied by the appellant, but was kept in a secluded field of which he was neither the owner nor an occupant, and there attempted to be concealed. These facts and the secrecy with which he went to where it was deposited and also with which he attempted to remove a part of it, together with other circumstances attending his control of it authorized the belief on the part of the jury that it was not kept for his personal use, but for sale. Whiskey cannot legally be so kept for one's personal consumption; and the only inference legally deducible from the foregoing facts and circumstances is, that the whiskey in question was unlawfully kept and intended for sale by the appellant. And even if it was procured by him for personal consumption, its transportation to his home for that pur-

pose would not have been permissible under the statute, for the transporting of spirituous liquors, not obtained by medical prescription, whether for sale or personal consumption, is by the statute declared a violation of its provisions.

We also think it clear that instruction B was properly refused; it was not material whether the whiskey deposited in the field was owned by the appellant or Cromer. As the evidence conclusively established the appellant's possession of it was unlawful, that fact authorized his conviction of the offense charged. His testimony and that of his friend that they saw Cromer place the whiskey where it was found, and that appellant, without Cromer's knowledge, appropriated a part of it, if accepted as true, did not establish the former's innocence of the offense charged, but merely amounted to proof of his theft of the whiskey, which he unlawfully took in possession.

No legal cause being shown for disturbing the verdict the judgment is affirmed.