## Daniels v. Commonwealth.

(Decided December 18, 1925.)

### Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Possession for purpose of Drinking Followed by Destruction Held Unlawful.—Accused, who held jar of liquor in hand, and, on seeing officer, got out of automobile, ran across road, and threw it over bank, held guilty of unlawful possession, regardless of whether possession was originally for mere purpose of taking a drink.

2. Intoxicating Liquors—"Possession" of Liquor Defined.—"Possession" of intoxicating liquor means having, holding, or detention of property in one's own power or command; ownership, whether rightful or wrongful; actual seizing or occupancy.

3. Intoxicating Liquors—Failure to Define Unlawful Possession Held Not Error.—On disputed testimony that accused had in hands jar of liquor, and that when he saw officers he ran across road and threw it over bank, court might properly have submitted to jury only extent of accused's punishment, and failure to define unlawful possession was not error.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Affirming.

Appellant is appealing from a judgment convict· ing him of unlawfully possessing intoxicating liquor and sentencing him to confinement in the county jail for 30 days and to pay a fine of $300.00.

Grounds urged for reversal are that the evidence is not sufficient to support the verdict and that the court erred in not defining unlawful possession.

There is no dispute as to the facts, which are, in substance, that appellant and two companions were sitting in an automobile on the side of the road and he had a jar of moonshine whiskey in his hand and was about to take a drink therefrom when he saw two officers come around a turn in the road and approach the automobile. Upon seeing them appellant got out of the car, ran across the road and threw the jar of whiskey over the bank. Appellant and his companions testified that the liquor did not belong to appellant but belonged to Johnny Riddle, one of his companions.

The insistence for appellant is that this evidence brings the case squarely within the doctrine of Sizemore v. Commonwealth, 202 Ky. 273, 259 S. W. 337, and Skidmore v. Commonwealth, 204 Ky. 451, 264 S. W. 1053, where it was held that the manual act of handling a bottle of whiskey for the purpose of taking a drink does not of itself constitute the unlawful possession denounced by the statute. This, however, is not true, for in each of those cases the defendant, after taking a drink from the container, immediately returned it to the owner and he neither claimed nor exercised ownership or control of the liquor. In this case defendant not only did not return the jar containing the liquor to the claimed owner but, according to his own admission, carried it across the road and threw it away in an effort to destroy evidence of illegal possession upon the part of himself or his companions.

It is therefore clear that he had the liquor in his possession, not merely for the purpose of taking a drink of it, but if he did not own it he at least converted it to his own purposes and exercised the right and power of destruction, which is consistent only with ownership.

The very basis of both the Sizemore and Skidmore cases was the absence of the exercise of any such right or power. In support of this position we quoted in the

Sizemore case. Webster's definition of possession as follows: "Having, holding or detention of property in one's own power or command; ownership whether rightful or wrongful; actual seizing or occupancy." It is therefore wholly immaterial whether the possession, is rightful or wrongful if only it amounts to "having or holding property in one's own power or command," as was clearly the position of appellant upon his own as well as the Commonwealth's evidence.

There was, therefore, no question about appellant's guilt, and the court might well have submitted to the jury only the extent of his punishment within the limits prescribed by law. It follows that the court did not err in failing to define unlawful possession and that the verdict is fully sustained by the evidence.

Judgment affirmed.