## Leach v. Commonwealth.

(Decided March 27, 1931.)

CHAS. A. McMILLAN for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN.—Affirming.

The appellant was indicted and tried under the charge of unlawfully having in his possession intoxicating liquor with a prior conviction for having transported liquor. He was found guilty, and his punishment was fixed at one year in the penitentiary. From the judgment he appeals.

As grounds for reversal, he insists that he was entitled to a peremptory instruction, and, if in error as to this, that the court failed to instruct on the whole law of the case. The undisputed facts are: Claude Tobin, a constable acting under a search warrant authorizing him to search a Whippet automobile bearing the license No. 44-965, stopped appellant as he was driving that car in the town of Paris. The constable made a search of appellant's person and of so much of the car as he could gain access to, and by this search found nothing. In the rear of the car was a compartment which from the record we take to have been placed where ordinarily a rumble seat is located. This compartment was locked. Appellant claimed that he did not have the key to this compartment, but would try to get one, and so he and the constable drove to a garage, but were unable to find a key to fit. Thereupon appellant told the constable that he did not give a damn what the constable did with the car, and he went his way. The constable took the car down to another garage, and, on the the compartment being prized open, a quantity of moonshine whisky was discovered. The record further discloses that this automobile was licensed in the name of one Robert McCarty who formerly ran a taxicab business in Paris. The evidence, however, shows that, for a long time prior to this car being found with the whisky, no one had been seen driving it except appellant and a young lady by the name of English, and she was seen in the car but a very few times. The witness Tom Craven testified that of his own

knowledge he knew that appellant had bought this car from McCarty, because at the request of McCarty he had gone to appellant to collect certain installments due upon the purchase price and appellant had told him that he would send a check to McCarty in a few days. It seems that on the night the whisky was discovered, or possibly the following morning, appellant approached a man by the name of Baldwin about going surety on his bond, and this before the officers had seen appellant or apprised him of the fact that there was a warrant out for him. Appellant also called up the witness Rice and asked him if the officers had found some whisky in his car. In addition to this, there were a number of witnesses who testified concerning the appellant's bad reputation as a dealer in illicit liquor. It is perfectly plain from this resume of the testimony that there was ample evidence to take the case to the jury on the proposition that this car belonged to the appellant and that he had control of it and the compartment where the whisky was found. Hence his motion for a peremptory instruction was properly overruled.

To support his second ground for reversal, appellant cites the cases of Herrin v. Commonwealth, 231 Ky. 139, 21 S. W. (2d) 139, Kratzer v. Commonwealth, 228 Ky. 684, 15 S. W. (2d) 473, and Keifner v. Commonwealth, 225 Ky. 163, 7 S. W. (2d) 1066, and argues that under them he was entitled to a specific instruction to the effect that, if the jury did not believe that he was in control of the locked compartment of the automobile in which the liquor was found, they should acquit him. In the Keifner case, a small quantity of liquor was discovered in the possession of an employee of Keifner who ran a restaurant. This employee testified that she had found it in the toilet where a patron of the place had left it. In the Herrin case, Herrin ran a barber shop on the first floor of a building and had a room on the second floor. This room opened out on a porch from which a stairway led down to the first floor. There were other tenants in the building. Moonshine whisky was found in a closet which was located on the porch near the door of Herrin's room. He denied that he had any dominion over the closet or knew the whisky was there. In the Kratzer case, liquor was found in a cellar under the store of Kratzer. He claimed that he never went into the cellar and used it only for the overflow from his refrigerator. His brother testified

that he had concealed the liquor there without Kratzer's knowledge. In all of these cases, due to the peculiar circumstances involved, we held that, as the jury might be confused as to what constituted possession, the defendant was entitled to a specific instruction defining what constituted possession. But we stated the general rule to be that ordinarily such an instruction is not necessary. We do not find any special circumstances in the instant case warranting any such instruction. Under the evidence, the appellant was shown to be the owner of the car and in its possession. No one else was shown to have had any control over the rear compartment or even access to it. That compartment was locked, and, the car belonging to appellant, it would be strange indeed if another had concealed liquor there and then locked the compartment. No one else claims to have put the liquor there. In short, there are no special circumstances here shown taking the case out of the general rule. The instructions given told the jury, in substance, that, in order to convict, it must find that the liquor was in the possession of appellant. Under the facts of this case, the jury could not have been confused or misled as to what constituted possession, so appellant was not entitled to a specific instruction defining possession.

Finding no prejudicial error substantial to appellant's rights, we must affirm the judgment.