# Baker v. Commonwealth.

Oct. 11, 1940.

Flem D. Sampson, Judge.

Hiram H. Owens for appellant.

Hubert Meredith, Attorney General, and Guy Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant was indicted by the grand jury of Knox county for unlawfully and wilfully having in his possession in local option territory "spiritous, vinous, malt and intoxicating beer and which said beer were not for sacramental, medicinal, scientific, or mechanical purposes."

At the conclusion of the commonwealth's evidence, which consisted of the testimony of several witnesses that the appellant was reputed to be the owner of a store in which beer was sold, appellant moved the court to peremptorily instruct the jury to find him not guilty, but the court overruled this motion and submitted the case to the jury under instructions authorizing his conviction if the jury believed that appellant "unlawfully and wilfully kept in his possession directly or indirectly for sale at the place mentioned in the evidence, beer that was intoxicating and the court says to you now that the word 'beer' implies intoxicating beverage—for the purpose of

sale and did sell beer by his agent or clerk, at the time and on the occasion mentioned by the witnesses.''

The learned assistant attorney general who briefed this case for the commonwealth concedes that the mere possession of intoxicating liquor in local option territory is not an offense, but argues that since ''the only possession that could be illegal and unlawful is possession for sale,'' the charge in the indictment that appellant ''unlawfully'' possessed the liquor was equivalent to a charge that he possessed it for sale.

While ingenious, this argument, if followed to its logical conclusion, would nullify the wholesome provisions of Section 124, Criminal Code of Practice, which requires that an indictment be direct and certain not only as to the offense charged, but as to the particular circumstances of the offense charged, if they be necessary to constitute a complete offense.

It is further argued on behalf of the commonwealth that the appellant waived the defect in the indictment by failing to demur to it, but it is the rule in this state that where no public offense whatever is charged in an indictment, the question of its sufficiency is raised by the motion of the accused for a peremptory instruction at the conclusion of the commonwealth's testimony. Rowe et al. v. Commonwealth, 283 Ky. 367, 141 S. W. (2d) 284.

Without passing upon the sufficiency of the evidence to sustain the charge covered by the instructions, we are compelled to hold that the indictment failed to charge the commission of an offense.

The appeal is granted and the judgment reversed.