## Patrick v. Commonwealth.

### April 29, 1941.

M. E. Strange and Beverly White for appellant.

Hubert Meredith, Attorney General, and Harry D. France, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

John Thomas Patrick has been convicted of the offence of transporting intoxicating liquors without a license, and his punishment fixed at a fine of $125. He has prayed an appeal in this cour⁺

The facts briefly stated are these: The county judge of Powell county issued a search warrant based upon an affidavit made before him by a field representative of the Department of Revenue. The affiant stated that he believed the Alcoholic Beverage Control Law was being violated by H. C. McQuinn and Bascom Patrick, and his reason for so believing was that he had been informed by Dellmus Bowen, sheriff of Powell county, that alcoholic beverages were then being transported by H. C. McQuinn and Bascom Patrick in a red Ford coupe carrying license No. 24027, Hancock county, Kentucky. The warrant authorized the search of the described automobile. J. Sam Sternberg, a field representative of the Department of Revenue, the only witness for the Commonwealth, testified that immediately after issuance of the search warrant he went to the poolroom in Clay City operated by Bascom Patrick, brother of appellant, and shortly thereafter saw the automobile described in the warrant coming up the street. Appellant, who was driving the car, was stopped and the car was searched. A half pint bottle of untaxed whisky, with one or two drinks missing, was found under the driver's seat and 12 cases of beer were found in the luggage compartment which was locked. Appellant testified that his brother, Bascom Patrick, requested him to drive the car to James Bloom's service station, about one block from the poolroom, to have it washed. After the car was washed he returned it to the poolroom where he was arrested and the car searched. He had not looked into the luggage compartment or under the driver's seat, and did not know the beer and whisky were in the car. Bascom Patrick testified that the car belonged to him, and that he had driven to Irvine that morning and bought beer and placed it in the luggage compartment and locked it; that appellant was not with him at the time; that he then drove to Clay City and requested appellant to take the car to the service station to be washed, and that appellant did so. He did not tell appellant what was in the car. James Bloom, operator of the service station, testified that Bascom Patrick asked him about washing the car and removing some tar

from it, and that later appellant brought the car to the service station and Bloom and his helper washed it. Appellant drove the car back in the direction of the poolroom, and he heard a few minutes later that the car had been searched and appellant arrested.

Appellant urges a number of grounds for reversal of the judgment, but the only one we find meritorious is error of the court in instructing the jury. The court instructed the jury that if they believed, beyond a reasonable doubt, that the defendant did unlawfully transport intoxicating liquor without a license they should find him guilty. Appellant's sole defense was that he knew nothing watever of any whisky or beer being in the automobile when he drove it from the poolroom to the service station and back to the poolroom. He was not the owner of the car, and, according to his testimony, drove it on the occasion in question for the accommodation and at the request of his brother on an errand having no connection with the liquor. Under the instruction given by the court, the jury may have believed they were authorized to find the defendant guilty, though he did not know the liquor was in the car. Due to the circumstances involved, the court should have given a concrete instruction setting forth appellant's defense. Gossett v. Commonwealth, 262 Ky. 540, 90 S. W. (2d) 730; Herrin v. Commonwealth, 231 Ky. 139, 21 S. W. (2d) 139; Kratzer v. Commonwealth, 228 Ky. 684, 15 S. W. (2d) 473; Leach v. Commonwealth, 238 Ky. 262, 37 S. W. (2d) 61; Keifner v. Commonwealth, 225 Ky. 163, 7 S. W. (2d) 1066.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellant a new trial.