## Bingham v. Commonwealth.

December 10, 1948.

G. L. Dickinson and Hiram H. Owens for appellant.

A. E. Funk, Attorney General, James Inman, Commonwealth Attorney and William F. Simpson, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Latimer—Reversing.

Wolfe Bingham, appellant, was convicted of the offense of possessing whiskey for sale and his punishment fixed at $100 fine and 30 days in jail. He appeals and urges reversal because: (1) The court erred in refusing further witnesses to testify for the defense. (2) Instruction No. 2 was erroneous. (3) The search warrant was not offered in evidence. (4) Closing argument of Commonwealth's Attorney was improper. (5) The evidence does not support the verdict, and (6) The trial judge was partial to the prosecution.

Since we have concluded that the judgment must be reversed on ground 5 above, it will be unnecessary to consider the other grounds.

William Cox, a constable, accompanied by John Mills and Boyd Davis, went to the home of Wolfe Bingham for the purpose of making a search of his home. The appellant was away. Mr. Mills, Deputy Sheriff, read the search warrant to Maggie Bingham, wife of appellant, who told him to go ahead and search the house. In their search they discovered a locked trunk in one of the rooms. It appeared that the officer was about to pick the lock when Mrs. Bingham called her son, who had the key to the trunk. He immediately came and unlocked the trunk. Mrs. Bingham and her daughter both testified that the officers were informed that the trunk belonged to W. F. Bingham, son of appellant, and that the father, Wolfe Bingham, had nothing whatsoever to do with the trunk; that the room in which the trunk was situated was occupied by W. F. Bingham and his wife. They stated that at the time the trunk was opened and a considerable quantity of liquor found therein, W. F. Bingham told the officers that that was his liquor; that his father knew nothing about it; and that he asked the officers if they wanted him to go with them, to which they replied "No." This testimony was not denied by the officers, although they did say that they didn't recall that any such statements were made. This is the evidence concerning the finding of the liquor.

To support the charge of liquor in possession for purpose of sale, evidence of reputation and some prior sales was introduced. The chief of the evidence centered

about alleged sales to some three or four persons some time prior to the day of the search, for which, it might be added here, parenthetically, it appears from the record, appellant had been arrested and tried and had been acquitted. However, that fact would not bar the introduction of such testimony in the present trial to show that he had knowledge that liquor was being sold on the premises, and that he was consenting to same. We deem it unnecessary to go into the ramifications of that phase of the case since we must look definitely and positively at the liquor allegedly in appellant's possession as obtained under this search warrant, and for which appellant is charged with having in possession for sale.

There is no testimony that Wolfe Bingham was in possession of the room occupied by W. F. Bingham, and the liquor was found in that room in a trunk under lock and key. The testimony further showed that the trunk absolutely belonged to the son, and that at the time of the search the officers were informed by Bingham that the trunk which he unlocked belonged to him and that the liquor was his, and that he inquired of the officers if they wanted him to go along to answer for the liquor.

Apparently one would not have to be highly imaginative under the circumstances here to conclude that appellant had knowledge that liquor was being handled on the premises, but the fact that imagination has to be used throws the case into the realm of speculation. There is no proof that can be definitely pointed out that would show that the liquor belonged to the appellant or that he had knowledge it was there.

It might be added here that following these circumstances, if this father should yet permit his son to continue in the home, and liquor should be found in his room on a such or similar circumstance, a disclaimer of knowledge would be of no avail.

Wherefore, the judgment is reversed with directions that upon another trial, if the evidence is substantially the same as herein, the court will give a peremptory instruction of not guilty.