## Gadd v. Commonwealth.

January 25, 1949.

Clay Shackelford and George T. Ross for appellant.

A. E. Funk, Attorney General, and Armand Angelucci, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Convicted on a charge of robbery by force, appellant's punishment was fixed at two years in the Reformatory. On appeal here he contends that he was prejudiced by (1) Admission of incompetent testimony; (2) failure of the court to present by instruction his defensive theory, and that under all the proof he was entitled to a favorable directed verdict.

Brockman, a Berea policeman, said that about 2:30 a. m., May 6, 1948, he was sitting in his car near a filling station, when appellant drove up near him, stopped and

began loud talking, and abusing him. He got out of his car, placed appellant under arrest, and appellant grabbed the officer's pistol from the holster, pointed it at him, got in his car and drove off taking the pistol.

On cross-examination the officer said he had had no previous trouble with appellant, and had not told anyone he was looking for appellant. He said appellant had later given the pistol to another officer and it was returned to him. This officer testified that he had arrested appellant ''about some trouble'' between appellant and the officer, and had given him the weapon.

Appellant admits that he drove up near Brockman's car and stopped, because he had heard that the officer was looking for him. He said he got from his car and asked the officer what he wanted, and that Brockman tried to strike him with his pistol, and he, appellant, grabbed it, got in his car and drove away. He said he took the pistol, as he did not want any trouble with Brockman, and to keep Brockman from whipping him, ''I did not take the pistol with the purpose to keep it. I did not dare to give it to him at the time.'' He denied that he was creating any disturbance or abusing the officer. He said the only reason he knew for ''Brockman jumping on him was the trouble Brockman and I had when he arrested me on charges of drunkenness and disorderly conduct, and I had been fined for these offenses.''

Brockman was recalled and said that he was not hunting for Gadd, and had told no one he wanted him, and that he made no effort to strike appellant. He said, as had appellant, that ''the only trouble I had with Gadd was that I had arrested him on other occasions on charges of disorderly conduct and drunkenness, and he was tried on the charges and fined.'' Objections were made to the testimony of the officer and the questions asked appellant with relation to former misdemeanors, the court overruling.

On this point, due to the state of the record, it is impossible to determine that appellant was thus prejudiced. The proof is given in narrative form, hence there are no questions incorporated. As the record is presented, appellant was asserting previous trouble between him and the officer as being, in his mind, the reason for the officer ''jumping on me.'' The officer in substantially

the same words detailed what he thought and what appellant had said was the trouble. The objectionable or objected to testimony was, as we view the record, not brought in for impeachment purposes.

On ground (2) we are of the opinion that appellant was entitled to an instruction on his theory of the occurrence. The general rule is fairly well established in Atkins v. Commonwealth, 224 Ky. 126, 5 S. W. 2d 889; Patrick v. Commonwealth, 286 Ky. 265, 150 S. W. 2d 901; Wilson v. Commonwealth, 303 Ky. 219, 197 S. W. 2d 240; Hall v. Commonwealth, 298 Ky. 299, 182 S. W. 2d 890. A case strongly in point, embodies the law where the facts were substantially like those here, is Southerland et al. v. Commonwealth, 217 Ky. 94, 288 S. W. 1051. The defense there was similar to the defensive theory here. Citing Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339, 344, and after saying that ordinarily the defendant's theory of the case is presented by a plea of not guilty, and such theory is fully presented by an instruction to acquit unless proven guilty beyond a reasonable doubt, we quoted:

"However, there are cases where the accused admits one or more of the essential elements of the offense charged, but attempts to avoid conviction by proving facts or circumstances to excuse what he did, and under such circumstances his theory of the case should be set out in a special instruction."

Under the ruling in the Southerland case, and others noted, appellant's theory should have been appropriately submitted.

The court, however, is of the opinion that the motion for directed verdict should have been sustained. It is not denied that the pistol taken from the officer was, as far as this record shows, returned to an officer who had arrested him, not on a charge of robbery but on a charge that appellant had had some trouble with the officer and apparently without demand. In this respect the facts are quite different from those detailed in the Southerland case.

Concluding that the error noted was prejudicial, the judgment is reversed and if upon a retrial the facts developed are the same, the court should direct a verdict

of not guilty. If, however, upon another trial the facts justify submission, the trial should be had consistent herewith.

Judgment reversed.