## Scott v. Commonwealth.

November 11, 1949.

420

Burnis Martin for appellant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Reversing.

The appellant, Beatrice Scott, was convicted of keeping intoxicating liquor for sale in local option or dry territory. The penalty was fixed at sixty days in jail and $100 fine. KRS 242.230, 242.990. The motion for an appeal is sustained.

The appellant was in possession of a building in Betsy Lane, Floyd County, in February, 1949. She operated a restaurant, soft drink bar and dance hall in part of it and occupied the other part as living quarters. A door opened between the two.

Under a search warrant, officers found 26 or 28 half pint bottles of whiskey in a bedroom and more than a case of beer in a refrigerator in the kitchen of the residence part of the building. There was no disclaimer of ownership or possession of the intoxicants by Mrs. Scott at the time. The officers found a drunken man behind the door in the restaurant and a practically empty one-half pint and a pint bottle that had con-

tained whiskey on tables in the restaurant. Testimony that the defendant bore the reputation of selling liquor was not controverted. The defendant testified she had been sick in bed the greater part of the preceding two weeks before the search and that she did not know the beer was in the refrigerator in the kitchen, which, she stated, was not being used since her meals were prepared in the restaurant. She knew nothing about the whiskey in the bedroom, which had been rented to a roomer. The defendant's son, Red Scott, testified he had brought the beer to the house the night before and his mother did not know anything about it. James Barkley testified he had occupied the room for six weeks and had been on a drinking spree. He had bought the whiskey in Perry County for his personal consumption about a week before and he did not think Mrs. Scott knew he had it in his room. Neither the beer nor the whiskey was under lock.

There is no merit in the appellant's contention that the evidence was not sufficient to take the case to the jury. The cases cited, Gossett v. Commonwealth, 262 Ky. 540, 90 S. W. 2d 730, Bingham v. Commonwealth, 308 Ky. 737, 215 S. W. 2d 845, do not sustain the argument. The circumstances fully sustain the submission and the verdict. Strong v. Commonwealth, 297 Ky. 591, 180 S. W. 2d 560; Barns v. Commonwealth, 305 Ky. 481, 204 S. W. 2d 801.

The presence of the liquor on the defendant's premises was admitted. She sought to overcome the presumption and to avoid liability by evidence that it was in the possession of other persons. This brings the case within the rule that an accused person is entitled to have an affirmative defense submitted by a concrete instruction. Gossett v. Commonwealth, supra; Patrick v. Commonwealth, 286 Ky. 265, 150 S. W. 2d 901. See Stanley's Instructions to Juries, Supplement, Section 771.

Such instructions heretofore approved in cases involving the possession of intoxicating liquor all seem to have been under the state-wide prohibition statute, which made it a violation of law merely to have such a beverage in possession when it had been unlawfully acquired. So, the form of the instruction was that if the liquor was on the defendant's premises without his

knowledge or consent, he should be acquitted. Under the local option prohibition statute, in order to constitute an offense, the liquor must be kept or possessed for the purpose of "sale, barter or loan, directly or indirectly." KRS 242.230(1). Baker v. Commonwealth, 284 Ky. 92, 143 S. W. 2d 842. But it is not essential to the commission of the offense that the accused person own the intoxicants, or that his possession or control be exclusive. If the defendant had any power or command over the liquor found in her house, or had the right to exercise actual control or possession or management, whether alone or jointly with her son or roomer, or to take it into actual possession with the intention that it should be sold, she was keeping it within the meaning of the statute. Combs v. Commonwealth, 162 Ky. 86, 172 S. W. 101; Young v. Commonwealth, 194 Ky. 561, 239 S. W. 1042; Daniels v. Commonwealth, 212 Ky. 161, 278 S. W. 577; 48 C. J. S., Intoxicating Liquor, sec. 223.

Upon another trial, the court may give an instruction in substantially this form:

If the jury believe from the evidence that the beer referred to was being kept by Red Scott and the whiskey was being kept by James Barkley, and that the defendant had no interest in either the beer or the whiskey or had no direct or indirect management or control over the possession thereof, you will find the defendant not guilty.

The judgment is reversed.

Judge Thomas dissenting. He is of opinion that no affirmative instruction was required since the defendant could not be found guilty under the primary instruction unless she herself had the liquor in possession for purpose of sale. That was the only condition upon which a conviction could be and was had.