## BLANKENSHIP v. COMMONWEALTH.

Court of Appeals of Kentucky.
Feb. 15, 1952.

Rehearing Denied April 25, 1952.

Eldred E. Adams, Louisa, for appellant.

A. E. Funk, Atty. Gen., Wm. F. Simp-son, Asst. Atty. Gen., for appellee.

COMBS, Justice.

Appellant was convicted for a third offense of possessing whisky for sale in local option territory. The sentence is one year in the state reformatory. KRS, 242.990. He urges as grounds for reversal: (1) His motion for a continuance should have been sustained; (2) the affidavits for a search warrant were insufficient; (3) the Commonwealth failed to prove that Lawrence County is local option territory; (4) instructions to the jury were erroneous; and (5) the verdict is not sustained by the evidence.

Appellant was arrested on March 3, 1951. Indictment was returned on March 14, and the case was assigned for trial for March 29. On March 27 appellant was admitted as a patient to a hospital at Ashland for treatment for sugar diabetes. When he failed to appear for trial, his bond was forfeited and a bench warrant issued. He was arrested on April 4, enroute from Ashland to his home at Louisa, and lodged in jail for the remainder of that day, being released about 7 p. m. He was tried the following morning.

It appears that appellant suffers from sugar diabetes and requires injections of insulin at regular intervals, and perhaps other medical treatment, in order to control his diabetic condition. He contends he was not physically or mentally able to prepare his defense at the time he was tried, although he introduced no medical testimony to that effect. The Judge heard a number of witnesses in chambers on the motion for a continuance. We have read this testimony and are of the opinion the Judge did not abuse his discretion in overruling the motion. The ruling of the trial court in granting or refusing a continuance will not be disturbed unless there is a flagrant abuse of discretion. Day v. Commonwealth, 296 Ky. 483, 177 S.W.2d 391.

Appellant also insists he was entitled to have the services of two attorneys who had represented him in previous cases, both of whom were absent from the county when he was tried. He was represented on this trial by Honorable Eldred E. Adams, a prominent member of the Lawrence County Bar, who ably and carefully presented his side of the case. We fail to see how he could have been prejudiced by not having additional legal counsel.

The search warrant, about which appellant complains, was issued by the county judge upon affidavits of Dennis Kitchen and Dock Adkins. a deputy sheriff. Kitchen stated in his affidavit that he bough⁺ a pint of whisky from Hansel Woods on March 3, 1951, in front of appellant's residence in Louisa; that Hansel Woods came "down the walkway from the said Worth Blankenship's house"; that a Buick automobile, usually driven by Woods and

appellant, was parked at the curb in front of the house. It is stated in the affidavit of Dock Adkins that Dennis Kitchen informed the affiant that "he had bought one pint of intoxicating alcoholic beverages from one Hansel Woods for the sum of $5 and this having taken place in Louisa, Lawrence. County, Kentucky, out in front of the residence of G. W. Blankenship just after said Woods had come out of said residence." It was also stated in the affidavit by Adkins that Hansel Woods lived in the home occupied by appellant, and drove appellant's automobile; also that Woods had the reputation for selling whisky for appellant.

We think the affidavits were sufficient. The rule is that an affidavit, specific as to time and place and which states facts from which the court issuing the warrant can reasonably determine that "probable cause" existed, is sufficient basis for the issual of a search warrant. Abshire v. Commonwealth, 204 Ky. 724, 265 S.W. 304; Goode v. Commonwealth, 199 Ky. 755, 252 S.W. 105.

It was shown by the Commonwealth that a local option election was held in Lawrence County in 1941; that the county adopted prohibition and the local option law has been enforced since that time. Appellant contends prohibition was never legally adopted because of certain irregularities in the petition requesting the election and the order certifying the result. This defense is not available to appellant in a collateral attack on the proceedings of the election.

It is shown by the testimony that when the officers arrived at appellant's home to execute the search warrant, he was sitting in a chair in the front room of the house. His wife and another woman were in the same room. One of the officers testified that he looked through the front window, and when another officer knocked on the front door, appellant motioned to the two women and one of them picked up a shopping bag and disappeared into a back room. Ten pints of whisky were found in two shopping bags in a back room. Appellant denied he made any motion to either of the two women, and testified he had no knowledge there was any whisky on the place.

It is contended that the court erred in failing to instruct the jury to find appellant not guilty if the whisky belonged to another person and the cases of Robinson v. Commonwealth, 311 Ky. 818, 226 S.W.2d 9, and Scott v. Commonwealth, 311 Ky. 419, 224 S.W.2d 458, are cited on this point. Those cases are not applicable. In the Robinson case there was testimony from which the jury could have decided that the whisky found in defendant's restaurant was placed there by another person. We held that under the circumstances an instruction should have been given on what constituted possession. In the Scott case the presence of whisky on defendant's premises was admitted. The defense was that the whisky belonged to another person. We held the facts were sufficient to bring the case within the rule that an accused person is entitled to have an affirmative defense submitted by a concrete instruction.

In this case there was no testimony to overcome the presumption that the whisky found on appellant's premises belonged to him, and the general instruction given by the court was sufficient.

Appellant makes some contention that the evidence does not sustain the verdict of the jury. The testimony of the officers as to the circumstances under which the whisky was found in appellant's home, coupled with his reputation for illicit traffic in alcoholic beverages, is amply sufficient to sustain the verdict.

It appearing that appellant had a fair and impartial trial, the judgment is affirmed.