**SEXTON v. COMMONWEALTH.**

Court of Appeals of Kentucky.

Oct. 31, 1952.

James C. Brock, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Opha Sexton, was convicted of the offense of possessing alcoholic beverages for the purpose of sale in local option territory. The punishment imposed was a fine of $30 and confinement in jail for a period of thirty days. The court entered a judgment on the verdict, and later entered an amended and substituted judgment by which forfeiture of appellant's automobile was ordered.

We are confronted, first, with the question of whether appellant is entitled to an appeal under Section 347 of the Criminal Code of Practice.

■ It is conceded that the payment of a $30 fine and the confinement of the appellant in the county jail for thirty days would not present a situation properly reviewable by this court. However, that part of the judgment which ordered the forfeiture and sale of the automobile, considered with the $30 fine, is sufficient to satisfy the jurisdictional demands of Section 347 of the Criminal Code of Practice. King v. Commonwealth, 153 Ky. 404, 155 S.W. 749; Leitchfield Mercantile Co. v. Commonwealth, 143 Ky. 162, 136 S.W. 639; Eagle v. Burks, 304 Ky. 617, 201 S.W.2d 890; Ritter v. Bruce, Ky., 239 S.W.2d 449.

Appellant assigns several grounds for reversal. We will not discuss all of them in view of the fact that the judgment will be reversed. However, appellant urges that (a) the evidence was insufficient to sustain the verdict, and (b) the instructions were erroneous. A recitation of the facts is therefore required.

■ Appellant operated a place of business in Harlan County known as Club 66. On the night of August 18, 1951, an automobile belonging to her was parked nearby. There was some testimony to the effect that the car for several weeks had been parked usually in this vicinity. On this night, Deputy Sheriff Don Ball, equipped with a search warrant, searched the automobile and found, in the trunk, 24 half pints of whiskey, a case of beer and some beer in quart containers. No one was in the car at the time of the search and deputies later towed the car in to the county seat.

The reputation of the appellant and her club was proven to be such that it was generally known she sold whiskey and beer.

Opha Sexton testified that although the car was listed in her name, it belonged to her son in fact; that she was not in charge of the car at the time the search was made because she had given physical possession of the car to Lloyd Ball for the dual purpose that he might repair it and use it for a fishing trip.

Lloyd Ball stated that about the 17th of August he had possession of the automobile and continued to have possession on the following day when it was searched by members of the sheriff's office. He stated that on the morning of the 18th, he, with his brothers-in-law, Jack Hampton and Manford Gutherie, in preparation for the fishing trip, went to Bell County where they purchased the intoxicants; that he had not told Opha Sexton of the purchase, and she had no interest in the beer and whiskey found on the occasion with which we are now concerned.

In support of her contention that the evidence was insufficient to sustain the verdict, appellant relies upon Bingham v. Commonwealth, 308 Ky. 737, 215 S.W.2d 845. The facts in the Bingham case are readily distinguishable from those presented at bar for there the proof showed the whiskey was found in a trunk that was the property of the appellant's son. The trunk was located in a room occupied by the son and his wife, and there was no evidence that appellant was in possession of that room. He had the whiskey under lock and key and he obtained the key from his pocket and opened the trunk for the officers when requested so to do.

In the instant case all evidences of ownership indicated that the automobile belonged to appellant. The question for determination by the jury was whether or not the testimony introduced in her behalf overcame the primary presumption of possession which was raised by the ownership of the vehicle in which the liquor was found. A situation similar in fact to the one under consideration was presented in Scott v. Commonwealth, 311 Ky. 419, 224 S.W.2d 458, 459, where we held that under consideration of all the evidence, the circumstances fully sustained the submission and the verdict.

Appellant's next ground for reversal has merit. We believe the court erred in failing to give a concrete instruction embodying her theory of defense, which was: Although she might own the car, she did not have physical possession of it nor of the liquor found in it. In the Scott case, we said:

"The presence of the liquor on the defendant's premises was admitted. She sought to overcome the presumption and to avoid liability by evidence that it was in the possession of other persons. This brings the case within the rule that an accused person is entitled to have an affirmative defense submitted by a concrete instruction. Gossett v. Commonwealth, [262 Ky. 540, 90 S.W.2d 730]; Patrick v. Commonwealth, 286 Ky. 265, 150 S.W.2d 901. See Stanley's Instructions to Juries, Supplement, Section 771."

We think that language is decisive.

The judgment is therefore reversed.