Sammy BEETS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1968.

As Modified on Denial of Rehearing Feb. 14, 1969.

C. B. Upton, Williamsburg, Marion Rider, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

· WADDILL, Commissioner.

Appellant was convicted of unlawfully possessing alcoholic beverages for sale in dry local option territory and his punishment fixed at $100 fine and sixty days in jail. He has moved for an appeal, seeking reversal on the grounds that: (1) There was no evidence that the intoxicating beverages seized in the raid were owned by him, or subject to his control, or possessed by him for the purpose of sale; (2) the search warrant was invalid, hence the trial court erred in failing to suppress the evidence obtained by the unlawful search; (3) he was entitled to a concrete instruction submitting his defense to the jury; and (4) the verdict was not supported by the evidence.

The evidence shows that during the evening of August 19, 1967, the local sheriff, accompanied by other law enforcement officials, conducted a raid in Laurel County on a private club operated by The Loyal Order of Moose. When the raiding officers entered the club they saw approximately sixty people mingling about the clubrooms. They searched the clubrooms and found and seized 2431 cans of beer, 16⅓ fifths of whiskey, 8 fifths of vodka and 1 fifth of gin. Several open bottles of whiskey, equipped with measuring devices, were found on a bar in the club. A cash box containing $153.24 was located beneath the bar. A piece of tape was attached to the storage room door which contained a list of names of persons, including appellant's, who had apparently brought alcoholic beverages into the club. However, none of the persons present when the raid was being made claimed the alcoholic beverages belonged to him.

The evidence further disclosed that appellant was secretary of the club and a

member of the house committee. Trooper Herrell testified that appellant had stated that he was in charge of the club. Appellant signed a receipt showing that he had received $153.24 from the sheriff, this being the sum found by the raiding officers in the club's cash box. There was also testimony that appellant's reputation for unlawfully trafficking in alcoholic beverages was bad.

Appellant admitted that he was secretary of the club and a member of the house committee, but he denied he told Trooper Herrell that he was in charge of the club.

Appellant stated it had been the custom of the members of the club to purchase for themselves and bring into the clubrooms intoxicating beverages for their own use. When this occurred the members were supposed to deliver the beverages to the club's steward who would put the owner's name, the quantity of the beverages and the description on a piece of paper, a copy of which was posted on the storeroom door and another copy delivered to the secretary of the club.

Appellant denied he owned, possessed or controlled any of the beverages that were confiscated in the raid and he placed the responsibility of operation of the clubrooms on the club's steward, whom appellant was unable to further identify.

■ There is no merit in appellant's contention that the evidence was not sufficient to take the case to the jury or to sustain the verdict. The presence of the intoxicants within the clubrooms was conceded. The large amount of beer and whiskey found, the open bottles of whiskey on the club's bar, and the cash found in the box under the bar were circumstances that the jury could consider on the question of whether the intoxicants were being kept for sale. Combs v. Commonwealth, 162 Ky. 86, 172 S.W. 101.

■ Although appellant insists he was not the owner or the possessor of intoxicants, the fact that he was secretary, a member of the house committee and in charge of all club records, tends not only to contradict his testimony but to show that he was in charge of the clubrooms and had the right to control the activities there including the management of, and the disposition of the intoxicating beverages in the clubrooms.

■ The rule that governs cases of this character was stated in Scott v. Commonwealth, 311 Ky. 419, 224 S.W.2d 458, thusly:

"\* \* \* it is not essential to the commission of the offense that the accused person own the intoxicants, or that his possession or control be exclusive. If the defendant had any power or command over the liquor found in her house, or had the right to exercise actual control or possession or management, whether alone or jointly with her son or roomer, or to take it into actual possession with the intention that it should be sold, she was keeping it within the meaning of the statute. Combs v. Commonwealth, 162 Ky. 86, 172 S.W. 101; Young v. Commonwealth, 194 Ky. 561, 239 S.W. 1042; Daniels v. Commonwealth, 212 Ky. 161, 278 S.W. 577; 48 C.J.S. Intoxicating Liquors § 223."

■ The search warrant, about which appellant complains, was issued by the Laurel Circuit Court Judge upon an affidavit of a state policeman. The affidavit, after specifically giving the description and the location of the building occupied by the appellant, Moose Lodge, stated:

"Between the hours of 7 and 9 p. m. on Aug. 18, 1967 I personally saw at the above described Moose Lodge about 20 persons enter the Moose Lodge empty handed. During this time I personally saw in the Moose Lodge some people setting at a table drinking beer, others walking back and forth with beer cans in their hands, one person setting at a table drinking from a small tumbler glass with colored liquid in said glass." Also, "\* \* \* that he is acquainted with

the reputation of The Moose Lodge from what it (sic) neighbors and acquaintances and people among whom know the Moose Lodge mixes and mingles and associates generally say, and that its reputation * * * is bad for dealing in intoxicating beverages."

We find the statements contained in the affidavit to be sufficient to show probable cause of a violation of the local option law. The rule is that an affidavit, specific as to time and place and which states facts from which the court issuing the warrant can reasonably determine that probable cause existed, is sufficient basis for the issuance of a search warrant. Blankenship v. Commonwealth, Ky., 247 S.W.2d 504; Abshire v. Commonwealth, 204 Ky. 724, 265 S.W. 304; Goode v. Commonwealth, 199 Ky. 755, 252 S.W. 105. We hold that the search warrant was issued pursuant to a proper affidavit.

■ We now reach the contention that appellant was entitled to have his defense submitted to the jury by a concrete instruction  Such an instruction is not warranted except where the defendant admits the commission of the act charged against him but seeks to excuse or justify its commission so that the criminal element is extracted and the legal responsibility for the act is avoided. Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240; Fletcher v. Commonwealth, 196 Ky. 620, 245 S.W. 134. In the instant case appellant denied he owned or possessed the intoxicants in question or that the intoxicants were under his management or control as contrasted to the facts in Edwards v. Commonwealth, Ky., 429 S.W.2d 859, showing that intoxicants were being maintained on appellant's premises during her absence without her knowledge or consent. Thus in Edwards, supra, appellant's defense was confession and avoidance which entitled her to an affirmative intruction. In the instant case, since there was a mere denial of possession of intoxicants, we believe appellant's legal rights were adequately protected by the instructions given.

■ We have decided that in future trials involving ordinary violations of the Local Option Law it will no longer be necessary to give an affirmative (or specific) instruction even though the accused admits having possession of the intoxicants but seeks to justify it on a ground that would avoid the criminal responsibility for its possession. The only purpose served by an affirmative instruction in cases of this character is to specifically define for the jury what constitutes "possession." We have concluded that a general instruction, which informs the jury that, in order to convict, it must find that the intoxicants were in the possession of the accused with the knowledge that it is intended for the purpose of sale, is sufficient of itself. Such an instruction would neither confuse nor mislead the jury as to what constitutes "possession." Our cases, such as Edwards v. Commonwealth, supra, that hold to the contrary will no longer be followed by this court.

The motion for appeal is overruled and the judgment stands affirmed.

All concur.